WILLIAM PIRES *vs.* COMMONWEALTH.

Suffolk.     February 8, 1977. — December 8, 1977.

Present: HENNESSEY, C.J., KAPLAN, WILKINS, LIACOS, & ABRAMS, JJ.

*Constitutional Law,* Assistance of counsel.   *Due Process of Law,* Assistance of counsel, Appeal in criminal case.   *Practice, Criminal,* Assistance of counsel, Appeal.

Discussion of circumstances in which the failure of retained or appointed counsel to inform a criminal defendant of his appellate rights constitutes a deprivation of constitutional rights. [833-835]
The failure of retained counsel to inform a criminal defendant of his appellate rights or to protect the defendant's right of appeal did not constitute ineffective assistance of counsel sufficient to warrant reinstatement of those rights where a finding was warranted that an appeal would be frivolous. [836-838]

PETITION for a writ of error filed in the Supreme Judicial Court for the county of Suffolk on February 10, 1975.

The case was heard by *Braucher, J.*

*Malvine Nathanson* for the petitioner.

*Kathleen Parker,* Assistant Attorney General, for the Commonwealth.

LIACOS, J.   Eleven months after his convictions on three felony indictments, the petitioner filed a petition for writ of error in the Supreme Judicial Court for the county of Suffolk. He alleged that the failure of his retained counsel to file a timely bill of exceptions or otherwise to preserve his right to seek appellate review of the convictions constituted ineffective assistance of counsel. The matter was referred by the court to a special master and commissioner. After hearing evidence and examining the transcript of the petitioner's Superior Court trial, the master filed a report in which he discussed several courses of action open to the court, but ultimately recommended that the Superior Court judgments be affirmed. A single justice confirmed the master's report. The matter was argued before a single justice. After a review of the record, the master's report and the transcript of the trial, the single justice concluded that an appeal would be futile, and directed the entry of judgment affirming the Superior Court judgment of conviction. The petitioner appealed to the full court pursuant to Mass. R. A. P. 3, 365 Mass. 845 (1974). We affirm the single justice's denial of the reinstatement of the petitioner's appellate rights.

The findings of fact made by the master can be stated briefly. The petitioner was indicted for assault and battery, assault with intent to rape, and breaking and entering with the intent to commit a felony. The petitioner retained counsel to represent him at his jury trial which commenced on March 20, 1974. On the following day, the jury returned a verdict of guilty on each of the indictments. Thereafter, the petitioner's motion, which had been taken under advisement by the trial judge, that the trial be subject to the provisions of G. L. c. 278, §§ 33A-33G, was denied. The pe-

titioner was sentenced to the Massachusetts Correctional Institution at Walpole for terms of six to ten years on the convictions for assault with intent to rape and breaking and entering with intent to commit a felony, the terms to run concurrently. The conviction for assault and battery was placed on file.

After the guilty verdicts were returned, the petitioner was told by his counsel that relief from the adverse judgments would depend completely on the discovery of evidence that would cast doubt on the credibility of the Commonwealth's witnesses. Counsel interviewed several relatives of the petitioner in an attempt to obtain new evidence, but his endeavor was unsuccessful. He reported this failure to the petitioner in May, 1974. Counsel next met with the petitioner sometime in September, 1974. At this conference, counsel for the first time provided the petitioner with a general explanation of appellate review. On October 18, 1974, during a conference held prior to the petitioner's trial on other charges, counsel informed the petitioner that he had not sought appellate review of the March 21 convictions. The petitioner appeared in the Superior Court, Suffolk County, with counsel on October 21, 1974, and submitted a pro se motion requesting that the court discharge his attorney. Thereupon, counsel made an oral motion asking to be permitted to withdraw voluntarily as counsel. Counsel's motion was allowed with the petitioner's consent. The court appointed the Massachusetts Defenders Committee to represent the petitioner.

The master's findings indicate that counsel knew the petitioner was dissatisfied with the verdicts,[1] but in good

---

[1] In the petition for writ of error and in the answer both parties state that the petitioner instructed his counsel to appeal his convictions. The master found, however, that the petitioner did not direct his counsel to appeal. The petitioner now argues the issue before this court in these terms: "Where a defendant, desirous of attacking his conviction, fails to take a timely appeal due to the failure of his counsel to inform him of the necessary steps or to act himself, he is entitled to appeal late without any need of showing that his appeal will succeed." We address ourselves to that argument.

faith believed (a) that any appellate review would be unsuccessful, and (b) that the only hope of relief from the verdicts would be the discovery of new evidence. Counsel, however, neglected to communicate to the petitioner his view that appellate review by a bill of exceptions would be futile. During the period when a bill of exceptions might be timely filed, counsel did not discuss with the petitioner the possibility of appellate review or explain to him the procedural requisites for obtaining such review.[2] Based on the evidence presented, the master was "not convinced that [the petitioner] directed his attention in any specific way to the problem of appellate review or was caused to do so by [counsel]."

The right of a criminal defendant to seek appellate review of a judgment of conviction rendered by the Superior Court is secured by statute. See, e.g., G. L. c. 278, §§ 28, 31; c. 211A, § 10. Where, as in the present situation, the Superior Court trial has not been made subject to the more commonly employed procedure provided by G. L. c. 278, §§ 33A-33G, a defendant may seek appellate review by filing a bill of exceptions in the Superior Court within twenty days after the verdict or judgment has been entered. G. L. c. 278, § 31. See generally K.B. Smith, Criminal Practice and Procedure §§ 1204-1219 (1970). If, however, a bill of exceptions is not filed within twenty days or during an extended period allowed by the court, the opportunity to seek appellate review by a bill of exceptions is lost. *Commonwealth* v. *Hamblen*, 352 Mass. 438, 445-446 (1967).

No bill of exceptions was seasonably filed subsequent to the petitioner's convictions. The petitioner contends that the resulting dissipation of his appellate rights was caused by counsel's failure to inform him of his statutory right to

---

[2] The master found, however, that counsel did at some time inform the petitioner that he could seek a review of his sentences by the Appellate Division of the Superior Court. See G. L. c. 278, §§ 28A-28C. After initially claiming such an appeal of his sentences, the petitioner abandoned it when he learned from fellow inmates that the Appellate Division was authorized to increase as well as decrease his sentences. See G. L. c. 278, § 28B.

appellate review, and that this oversight constituted ineffective assistance of counsel.

Before turning to the petitioner's claim that he is entitled to a late appeal regardless of the likelihood of its success, it is appropriate to consider whether a defendant must be informed by retained or appointed counsel of his statutory right to appeal.

The failure of the court-appointed counsel to prosecute an appeal is clearly a per se deprivation of the right to counsel unless the defendant waives the appeal or counsel complies with the procedures for withdrawal set forth in *Anders* v. *California,* 386 U.S. 738 (1967). See *Wilbur* v. *Maine,* 421 F.2d 1327, 1329 (1st Cir. 1970). Some courts, drawing a distinction between privately retained counsel and court-appointed counsel, hold retained counsel to a less severe standard. *United States ex rel. O'Brien* v. *Maroney,* 423 F.2d 865 (3d Cir. 1970). *Hendrickson* v. *Overlade,* 131 F. Supp. 561 (N.D. Ind. 1955). Among the rationales on which these courts rely is that, unless retained counsel's conduct was known by responsible officials in the judicial system, the State action requirement of the Fourteenth Amendment to the United States Constitution is not satisfied. Conversely, other courts, relying either on the Sixth Amendment guarantee of the right to assistance of counsel or on the due process clause of the Fourteenth Amendment, have found constitutional error when the incompetence of retained counsel results in the forfeiture of a defendant's appellate rights, regardless of the degree of official involvement. *United States ex rel. Randazzo* v. *Follette,* 444 F.2d 625 (2d Cir.), cert. denied, 404 U.S. 916 (1971). *Goodwin* v. *Cardwell,* 432 F.2d 521 (6th Cir. 1970). *Shipman* v. *Gladden,* 253 Ore. 192 (1969). These courts reason that inadequate representation by retained counsel during the postconviction stage is unlikely to come to the attention of the court. They find it is an unrealistic assumption that the convicted defendant acquiesces in the errors of his retained counsel by not notifying the court within the period of time for filing an appeal as to his dissatisfaction with counsel's representation. See Note, Effec-

tive Assistance of Counsel, 49 Va. L. Rev. 1531, 1555 (1963).

The Fifth Circuit takes an intermediate approach: Grossly deficient representation by retained counsel constitutes a denial of due process, not because State officials were aware of the unfairness, but because the judicial system itself has failed. *Fitzgerald* v. *Estelle,* 505 F.2d 1334, 1336 (5th Cir.), cert. denied, 422 U.S. 1011 (1975). On the other hand, when the conduct of retained counsel falls below the level of effectiveness demanded by the Sixth Amendment, but is not sufficiently egregious to render the proceedings fundamentally unfair, the Fifth Circuit holds that State involvement through actual or constructive knowledge of the error by the court or responsible State officials must be demonstrated. *Fitzgerald* v. *Estelle, supra* at 1336-1338.

In *Commonwealth* v. *Gauthier,* 361 Mass. 394, cert. denied, 409 U.S. 869 (1972), we considered the State action requirement in the context of a case where the convicted defendant alleged that he was not informed of his right to court-appointed counsel on appeal. We held that where the defendant was represented by retained counsel at trial the court was not obligated to inform him of his rights to appeal and to court-appointed counsel to represent him during the appeal. We based this conclusion on the absence of State action where the defendant was represented by retained counsel and neither the court nor any other responsible State official was made aware of the defendant's desire to appeal with the assistance of court-appointed counsel. In that case the State's judicial machinery did not result in fundamental unfairness to the defendant. The defendant had been informed by his attorneys of his right to appellate review and of the time limitations for initiating an appeal, yet he waited almost fifteen years before moving for a new trial. See *Commonwealth* v. *Nolin, ante,* 45, 47 (1977).

As in *Gauthier,* the retained counsel's conduct in the case at bar was not so egregious as to trigger the due process clause of the Fourteenth Amendment. Nevertheless, even if there is no constitutional obligation, counsel's

failure to inform the petitioner of his statutory right to appeal was not in accord with his professional obligations to his client. The duty of trial counsel, whether retained or assigned, does not end when a client is convicted. Certain provisions of the American Bar Association Project on Standards for Criminal Justice seem to us appropriately to describe the responsibility of counsel. Standard 8.2 of The Defense Function (Approved Draft 1971), provides: "8.2 Appeal. (a) After conviction, the lawyer should explain to the defendant the meaning and consequences of the court's judgment and his right of appeal. The lawyer should give the defendant his professional judgment as to whether there are meritorious grounds for appeal and as to the probable results of an appeal. He should also explain to the defendant the advantages and disadvantages of an appeal. The decision whether to appeal must be the defendant's own choice. (b) The lawyer should take whatever steps are necessary to protect the defendant's right of appeal." See ABA Standards, Criminal Appeals § 2.2 (Approved Draft 1970). Cf. ABA Code of Professional Responsibility and Canons of Judicial Ethics (1975), EC 7-8 ("A lawyer should exert his best efforts to insure that decisions of his client are made only after the client has been informed of relevant considerations"). Cf. Fed. R. Crim. P. 32 (a) (2) (court must advise defendant of right to appeal and of right to apply for leave to appeal in forma pauperis if the defendant is unable to pay the cost of appeal).[3]

---

[3] Although no comparable rule was in effect at any time relevant to this proceeding, we note that a majority of the judges of the Superior Court recently adopted an amendment to Superior Court Rule 65, to take effect January 1, 1978. That rule will provide as follows:

"CLAIM OF APPEAL. After imposing judgment and sentence in a case which has gone to trial on a plea of not guilty, the judge or clerk shall forthwith advise the defendant of his right to appeal, and the clerk shall execute a statement in writing to that effect. The clerk shall have no duty to advise the defendant of any right of appeal after sentence is imposed following a plea of guilty or nolo contendere. Defendant's counsel shall be responsible for perfecting and prosecuting the appeal unless such counsel is relieved of that responsibility, after a hearing on counsel's motion to withdraw. An appeal under General

Although petitioner's counsel did not perform these duties this does not necessarily mean that the petitioner was denied effective assistance of counsel. Contrary to the petitioner's argument, the single justice, in determining whether there has been ineffectiveness of counsel sufficient to warrant reinstatement of appellate rights, may examine not only the behavior of counsel but the resulting prejudice, if any, to the defendant. *Commonwealth* v. *Saferian,* 366 Mass. 89, 96 (1974) (court may examine whether counsel's conduct at trial deprived the defendant of an otherwise substantial defense). Supreme Court decisions have recognized a court's power, in certain circumstances, to remove from the docket criminal appeals which are plainly frivolous. *Anders* v. *California,* 386 U.S. at 744. *Draper* v. *Washington,* 372 U.S. 487, 499 (1963). See *United States* v. *MacCollom,* 426 U.S. 317 (1976). The Supreme Court in *Draper, supra* at 499, emphasized that its decision which invalidated rules of the State of Washington governing the provision of transcripts to indigent defendants does not prevent a State from applying "nondiscriminatory rules to both indigents and nonindigents in order to guard against frivolous appeals."[4]

The petitioner's reliance on *Rodriquez* v. *United States,* 395 U.S. 327 (1969), to support his contention that an application for a late appeal cannot involve consideration of the merits of the appeal is misplaced. In that case, the

---

Laws Chapter 278, Section 28 shall be claimed within twenty days after the judgment from which the appeal is taken."

The adoption of such a rule may preclude questions such as that raised in this case. The provisions of Standard 8.2 should be observed by both retained and appointed counsel as part of their professional responsibility even after the effective date of the amended rule 65.

[4] We would be more inclined to reinstate the petitioner's appeal without screening for frivolous claims if this were a case involving ineffectiveness of counsel at trial as well as on appeal. See *Commonwealth* v. *Saferian, supra* at 90 n.1. Counsel's blunders at trial should not be denied full exposure because counsel subsequently blunders an appeal. However, this is not the case before us. Nothing we say here is to be taken as an intimation that we depart from the standards set forth in *Saferian,* the issue involved here being one distinct from that before the court in *Saferian.*

Supreme Court invalidated a Ninth Circuit rule which required that indigent applicants for postconviction relief under 28 U.S.C. § 2255 (1970) show some likelihood of success on appeal. The Court based its decision, in part, on the unfairness of having a petitioner, who may not even be aware of errors which occurred at trial, make a pro se showing of merit. *Id.* at 330. This inequity is not present here since the petitioner was aided by appointed counsel on his petition for writ of error. The Court in *Rodriquez* also criticized the Ninth Circuit rule for requiring the court to screen out purportedly unmeritorious appeals contrary to the ruling of *Coppedge* v. *United States,* 369 U.S. 438 (1962). *Id. Coppedge* did not prohibit the screening of appeals, but it did establish that the government, when opposing an attempted criminal appeal in forma pauperis, bears the burden of proving that the appeal is lacking in merit. *Id.* at 448. This rule prevents indigents from having "an additional hurdle to clear just because their rights were violated at some earlier stage in the proceedings." *Rodriquez* v. *United States, supra* at 330.

The First Circuit has held that the *Rodriquez* holding, which involved a Federal defendant, is equally applicable to State defendants. *Wilbur* v. *Maine,* 421 F.2d 1327 (1st Cir. 1970). Despite the Maine Supreme Judicial Court's determination that the petitioner Wilbur was not prejudiced by his counsel's failure to prosecute an appeal, the First Circuit in *Wilbur* v. *Maine, supra* at 1330, ordered the grant of a writ of habeas corpus unless the State court reinstated the appeal or the State showed that the petitioner's claim of ineffectiveness of counsel is without merit. Nothing in that decision, however, limits the State court's power to screen out frivolous appeals in a nondiscriminatory and fair manner. The State court in *Wilbur* dismissed the petitioner's case without affording him a hearing. In the case at bar, however, the single justice had the benefit of hearing argument, considering the parties' memoranda of law, and reviewing the trial transcript and master's report. Although the parties had not submitted full appellate briefs, the single justice had before him a suffi-

Pires *v.* Commonwealth.

cient record to make a rational assessment of the petitioner's claim of error at trial.

On a petition for writ of error to reinstate appellate rights, once the facts have been established, relief may be denied if the court concludes that the appeal would be frivolous. The single justice applied this standard in determining that appellate review would not avail this petitioner. Although the single justice stated that an appeal would be "futile," we assume from our examination of the record that he meant that the appeal would be frivolous — that is, it not merely lacked merit, but would not have a prayer of a chance.[5]

*Judgment affirmed.*

---

[5] Our review of the record also persuades us that an appeal would be frivolous. Since the petitioner's trial was not made subject to the provisions of G. L. c. 278, §§ 33A-33G, review is secured by a bill of exceptions. G. L. c. 278, § 31. The only exception saved at trial involved the exclusion of an apparently collateral question on cross-examination. While an offer of proof is not usually required on cross-examination, we find no prejudicial error here where the record does not disclose either the petitioner's reason for seeking an answer to the excluded question or how the answer will benefit him. *Commonwealth* v. *Caine,* 366 Mass. 366, 370 n.4 (1974). If we were to consider the alleged error in excluding a seemingly immaterial question, we would be defeating an important policy which requires parties to give sufficient notice so that the trial judge may reconsider his or her ruling.

In his memorandum of law submitted to the single justice, the petitioner claimed that there was insufficient evidence to support a finding of assault with intent to rape or breaking and entering with intent to commit a felony. Petitioner's counsel did not move for a directed verdict (see *Commonwealth* v. *Gricus,* 317 Mass. 403, 405 [1944]), and thus we can grant relief only in cases involving a "substantial risk of a miscarriage of justice," *Commonwealth* v. *Freeman,* 352 Mass. 556, 564 (1967). No such risk exists here because the convictions were based on sufficient evidence. There was evidence that the complainant was awakened about 4 A.M. by a man who entered her apartment by breaking the glass in the kitchen door; that the man, naked below his waist, began to kiss the complainant in her bed; that when she tried to call the police, he ripped the telephone out of the wall and hit her; and that he subsequently flung her on the bed, told her to undress, and got on top of her.

Where the only exception saved was to the exclusion of an apparently collateral line of questioning, and where the trial transcript does not disclose a substantial risk of injustice which would permit review despite the absence of proper exceptions, the single justice did not err in refusing to restore the appellate rights of the petitioner.