MAXIMILLIAN HALNER vs. COMMONWEALTH.

Suffolk. March 6, 1979. — July 5, 1979.

Present: HENNESSEY, C.J., QUIRICO, WILKINS, & ABRAMS, JJ.

Practice, Criminal, Assistance of counsel, Appeal. Constitutional Law, Assistance of counsel.

For the reasons stated in Pires v. Commonwealth, 373 Mass. 829 (1977), a convicted defendant was not entitled to a writ of error upon showing merely that his trial counsel had failed to advise him fully of his appellate rights where none of the exceptions saved at trial had any merit. [389-391]

PETITION filed in the Supreme Judicial Court for the county of Suffolk on March 12, 1975.

The case was heard by Kaplan, J., on a master's report.

The case was submitted on briefs.

Lois M. Lewis for the petitioner.

John J. Droney, District Attorney, & Peter W. Agnes, Jr., Assistant District Attorney, for the Commonwealth.

QUIRICO, J. Two years and three months after his conviction for armed robbery while masked, the petitioner filed a petition for a writ of error in the Supreme Judicial Court for Suffolk County. He alleged that the failure of his retained counsel to preserve his appellate rights or to inform him of his right to appointed counsel on appeal constituted ineffective assistance of counsel. After appointing counsel to represent him, a single justice referred the matter to a special master and commissioner (master) for hearing. The master concluded that failure to reinstate the petitioner's appeal would not result in any miscarriage of justice, since none of the exceptions saved at trial had any merit. A single justice confirmed the report and, after further hearings, directed the entry of judgment dismissing the petition and affirming the

conviction. The petitioner appealed to the full court. We affirm the decision of the single justice.

When the master was holding the hearings in this case, the question whether a convicted defendant would be entitled to a writ of error by proving merely that his retained counsel had failed to advise him fully of his appellate rights was under consideration by this court in the then pending case of *Pires* v. *Commonwealth,* 373 Mass. 829 (1977). The master noted in his report that "[t]he action then to be taken [in the case at bar] depends, of course, on the rulings in the *Pires* case." Final disposition of Halner's petition was postponed until after the *Pires* opinion, which controls this case, had been released.

The *Pires* opinion emphasizes, and we repeat, that "[t]he duty of trial counsel, whether retained or assigned, does not end when a client is convicted." *Id.* at 835. Even if counsel believes in good faith that an appeal from a criminal conviction would be inadvisable or frivolous, he should leave to the defendant the ultimate decision whether to appeal. Counsel should explain the basis for his opinion to the defendant. He can then either obtain a clear and knowing waiver of the right to appeal from the defendant, or provide him with the information he needs to obtain substitute counsel, either appointed or retained. Such a procedure would minimize the possibility that the defendant will later feel, as does the petitioner in this case, that he was cheated out of his appellate rights by the inefficiency or neglect of his counsel.

The master found that in this case the petitioner "probably would have retained counsel to prosecute an appeal had he been in funds to do so," but that his trial counsel failed to inform him promptly that he could petition to have counsel appointed for him to prosecute his appeal. The petitioner claims that this constituted ineffective assistance of counsel. But, as *Pires* establishes (*id.* at 836), there must also be some showing of prejudice before the defendant has a right to relief. "On a petition for writ of error to reinstate appellate rights, once the facts have

been established, relief may be denied if the court concludes that the appeal would be frivolous." *Id.* at 838. Here, the master carefully considered the issues which the petitioner hoped to raise on appeal, and he appended citations demonstrating the lack of merit as to each of them, and therefore the futility of any appeal based thereon.

On this appeal from the decision of the single justice, the petitioner advances three issues as the basis for his proposed appeal. First, he asserts that the judge abused his discretion in denying certain of his pretrial discovery motions. As the master's report sets forth in greater detail, there was clearly no error in the denial of any of these motions. A motion for exculpatory evidence was properly denied because there was no showing that any such evidence existed. *Commonwealth* v. *Preston,* 359 Mass. 368, 371 (1971). Requests for specifications and a motion for particulars were granted to the extent necessary to afford the petitioner the information he needed. Denial of the names of Commonwealth witnesses other than those who testified before the grand jury is not error in the absence of "extraordinary circumstances." *Commonwealth* v. *MacDonald (No. 1),* 368 Mass. 395, 397 (1975). The petitioner has suggested no extraordinary circumstances which would make the denial of this, or any of the other motions, even arguably erroneous. Rule 14 of the Massachusetts Rules of Criminal Procedure, *post* 874, which became effective on July 1, 1979, does not mandate the production of the list of such witnesses.

The petitioner's second point is that within fifteen minutes after the robbery, the police put him through a one-to-one showup before one of the victims of the crime. The petitioner did not object to evidence of this confrontation at trial, and in any event considering the "totality of the circumstances" of the identification of the petitioner by the victim, the admission of this evidence did not violate any rights of the petitioner. See *Commonwealth* v. *Denault,* 362 Mass. 564, 566-567 (1972). *Stovall* v. *Denno,* 388

U.S. 293, 302 (1967). The petitioner's brief cites no case nor line of argument which would suggest error in the admission of this evidence. We conclude that this second assignment of error is frivolous.

Finally, the petitioner asserts that error occurred in the judge's handling of an allegation by the defense that a juror had had improper communications with a police officer during the course of the trial. The judge, on being informed of this, interrogated the juror involved, and the juror stated that he had asked the officer "how the weather was ... how the driving is. I didn't even know they were officers." Even if, as the petitioner asserts, the burden is on the government to show the communication was harmless to the petitioner, we think the Commonwealth has amply fulfilled this burden. See *Commonwealth* v. *Lovett*, 374 Mass. 394, 400-403 (1978).

In sum, considering the arguments which have been advanced by the petitioner, we believe the master and the single justice were correct in finding the issues raised to be frivolous, that is, that they "not merely lacked merit, but would not have a prayer of a chance." *Pires* v. *Commonwealth, supra* at 838. For this reason, the single justice was warranted in refusing to reinstate the petitioner's appellate rights, and the judgment of the county court is affirmed.

*So ordered.*