MYLES R. MIRANDA vs. COMMONWEALTH.

Suffolk.   March 8, 1984. — July 5, 1984.

Present: HENNESSEY, C.J., WILKINS, LIACOS, & ABRAMS, JJ.

*Practice, Criminal,* Appeal, Waiver of trial by jury.

A single justice of this court acted correctly under Mass. R. A. P. 14 (b), as amended, 378 Mass. 939 (1979), in denying a petition to allow late filing of a criminal appeal more than four years after the petitioner was sentenced, and, to the extent the single justice was exercising this court's supervisory power, there was no abuse of discretion or error of law in denying the petition where the evidence before a special master warranted the conclusion that the appeal would be frivolous. [421-423]

PETITION filed in the Supreme Judicial Court for the county of Suffolk on July 3, 1980.

The case was heard by *Lynch,* J., on a master's report.

*John P. Courtney* for the petitioner.

*Richard J. Piazza,* Assistant District Attorney, for the Commonwealth.

LIACOS, J. On May 15, 1976, the petitioner was found guilty by a judge of the Superior Court in Barnstable County of two counts of rape and one count of sodomy. Before trial on May 13, 1976, the petitioner signed a form waiving his right to a trial by jury on these charges. He was sentenced on May 15, 1976, to concurrent terms of fifteen to twenty years and seven to ten years at the Massachusetts Correctional Institution at Walpole, to be served from and after a sentence which he was already serving. No appeal of the conviction was taken.

On July 3, 1980, the petitioner's pro se "petition for leave to make proceedings subject to G. L. c. 278, §§ 33A-G nunc pro tunc March 13, 1976" was filed in the Supreme Judicial Court for Suffolk County. The petitioner prayed in that petition that the court order that his claim of appeal from his convictions

be received as if timely filed. Counsel was appointed for the petitioner, and a trial transcript was prepared. The petitioner stated that, if he were permitted to file an appeal late, he would argue that he was entitled to a new trial on the ground that his waiver of a trial by jury was invalid because it had not been made voluntarily and intelligently.

A single justice referred the case to a special master. After hearings, the special master filed his final report. The master found that the claim of involuntariness in waiving the petitioner's right to a jury trial was frivolous. He recommended that the petition for leave to enter a late appeal be denied. The single justice ordered that the special master's report be confirmed and that the petition for late appeal be denied. The petitioner appealed the decision of the single justice to the full court.

In the record and briefs before us, neither the petitioner nor the Commonwealth has referred to Mass. R. A. P. 14 (b), as amended, 378 Mass. 939 (1979). That rule provides that "neither the appellate court nor a single justice may enlarge the time for filing a notice of appeal beyond one year from the date of entry of the judgment or order sought to be reviewed, or, in a criminal case, from the date of the verdict or finding of guilt or the date of imposition of sentence, whichever date is later." Before rule 14 (b) was amended to apply to criminal cases, we referred to its one-year time limit as "the only absolute limitation on our appellate courts or single justices thereof in granting extensions of any time limit prescribed by the rules." *Giacobbe* v. *First Coolidge Corp.*, 367 Mass. 309, 317 (1975) (dictum). Since more than four years passed between the time the petitioner was found guilty and sentenced and the time he filed his petition in the county court, and since the present version of rule 14 (b) was in effect at the time his petition was filed, that denial of the petitioner's petition was correct as matter of law.

Since the single justice did not dismiss the petition but appointed counsel and a special master, we shall assume that he may have acted under his extraordinary powers of superintendence. G. L. c. 211, § 3. Orders entered by a single justice

under G. L. c. 211, § 3, shall not be disturbed absent abuse of discretion or clear error of law. *Schipani* v. *Commonwealth,* 382 Mass. 685 (1980). On the record before us we see no abuse of discretion or error of law in the single justice's order confirming the report of the special master and denying the petition for late appeal.[1] The evidence before the special master supported his findings and his conclusion that an appeal, on the ground that the petitioner's waiver of trial by jury was not knowing or voluntary, would be frivolous. In reaching this conclusion the master relied on *Ciummei* v. *Commonwealth,* 378 Mass. 504 (1979), in which we ruled that the petitioner's waiver of the jury trial right had been valid, but required that in future cases of jury waiver the judge hold a colloquy with the defendant in order to make sure of the waiver's validity. The evidence in this case that the petitioner's waiver was intel-

---

[1] In light of the result we reach, we need not consider whether G. L. c. 211, § 3, relief could be available to a criminal defendant when the Rules of Appellate Procedure place an "absolute limitation" on the relief which an appellate court or a single justice may grant. *Giacobbe* v. *First Coolidge Corp., supra.* Cf. *Leaster* v. *Commonwealth,* 385 Mass. 547, 549 (1982); *Soja* v. *T.P. Sampson Co.,* 373 Mass. 630 (1977). We note also that the Commonwealth did not raise this issue before the single justice.

In his memorandum in support of his petition for leave to file a late appeal, the petitioner cited *Halner* v. *Commonwealth,* 378 Mass. 388, 391 (1979), as providing the standard to be applied by a single justice in passing on such a petition. *Halner* and the decision which controlled it, *Pires* v. *Commonwealth,* 373 Mass. 829 (1977), both arose on petitions for a writ of error. When the Massachusetts Rules of Criminal Procedure took effect on July 1, 1979, the writ of error to this court was replaced by the motion for postconviction relief to be made to the trial judge, as provided by Mass. R. Crim. P. 30 (a), 378 Mass. 900 (1979). See Reporters' Notes to Mass. R. Crim. P. 30 (a), Mass. Ann. Laws, Rules of Criminal Procedure at 482 (1979).

While it may not be true that every petition for relief under G. L. c. 211, § 3, to allow the filing of a late appeal would involve a claim cognizable under rule 30, the issue raised here seems appropriately within the scope of rule 30. The proper remedy for a successful claim of involuntary waiver of the jury trial right would be a new trial. *Commonwealth* v. *Crocker,* 384 Mass. 353, 356 n.4 (1981). Thus, it is arguable that relief under G. L. c. 211, § 3, would be inappropriate in this case because the petitioner had available to him the remedy of a motion for postconviction relief under Mass. R. Crim. P. 30 (a) or (b). We note that motions for postconviction relief under rule 30 are not limited by a time limitation similar to that found in Mass. R. A. P. 14 (b).

ligent and voluntary is at least as strong in the present case as it was in *Ciummei*.[2] Neither the judge nor the petitioner's trial lawyer was required to inform the petitioner of the four elements of the right to a jury trial discussed in the petitioner's brief, nor was it necessary for the master to determine that the petitioner was aware of all of these elements for the master to conclude that the appeal would be frivolous. The petitioner's arguments in this regard are without merit.[3] See *Commonwealth* v. *Schofield,* 391 Mass. 772, 775-776 (1984); *Ciummei* v. *Commonwealth, supra* at 513-514.

*Judgment affirmed.*

---

[2] We note that the judge in the case at bar held a colloquy with the petitioner about his waiver, though such a colloquy was not yet required, this case having been tried three years before we decided *Ciummei*. In *Ciummei* a colloquy was not held. The judge asked Miranda whether he understood that he was entitled to a trial by a jury of twelve people, whether he had waived that right, whether he had talked to his attorney about the waiver, and whether he agreed that this was what he wanted to do. The petitioner answered all of these questions affirmatively. Furthermore, at the hearing before the master Miranda testified that these affirmative answers had not been untruthful.

[3] The petitioner also argues that his waiver was invalid because he was unaware at the time of the waiver that one of his codefendants was going to testify for the Commonwealth. This argument is also without merit. At the time when Miranda answered the judge's questions as to his waiver, see note 2, *supra,* it was clearly foreseeable that the codefendant would so testify, since the Commonwealth had omitted to move for trial against him. See *Commonwealth* v. *Dietrich,* 381 Mass. 458, 461-462 (1980).