ENFRID BROWN, JR. *vs.* COMMONWEALTH. April 8, 1997. *Supreme Judicial Court,* Appeal from order of single justice. *Practice, Criminal,* Appeal, Defendant pro se.

The petitioner, who had sought relief from a decision of a Superior Court judge denying his request for "free transcripts," now appeals to the full court under S.J.C. Rule 2:21, 421 Mass. 1303 (1995), from a single justice's denial of relief under G. L. c. 211, §§ 3 and 4A.

The petitioner's conviction of murder in the first degree was affirmed by this court. *Commonwealth* v. *Brown,* 378 Mass. 165, 166 (1979) (no relief warranted under G. L. c. 278, § 33E). As a result, his appeal from any motion he filed in the Superior Court following § 33E review is prohibited "without the leave of a single justice of this court." *Commonwealth* v. *Davis,* 410 Mass. 680, 683 (1991). The petitioner, who did not obtain leave of the single justice, now contends that, because he acted pro se, his "document" should have been liberally construed, apparently as both a request for leave to appeal and as an appeal. There is a meaningful distinction between our recognition that a handwritten pro se filing is to be liberally construed, *Real* v. *Superintendent, Mass. Correctional Inst., Walpole,* 390 Mass. 399, 400 n.2 (1983), vacated sub nom. *Ponte* v. *Real,* 471 U.S. 491, *S.C.,* 396 Mass. 1001 (1985), and our subsequent statement that "[a] pro se litigant is bound by the same rules of *procedure* as litigants with counsel" (emphasis added). *Commonwealth* v. *Barnes,* 399 Mass. 385, 392 (1987), quoting *International Fidelity Ins. Co.* v. *Wilson,* 387 Mass. 841, 847 (1983). The single justice did not commit an abuse of discretion or a clear error of law. *Miranda* v. *Commonwealth,* 392 Mass. 420, 421-422 (1984).

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Enfrid Brown, Jr.,* pro se.