374 A.2d 1347

**COMMONWEALTH of Pennsylvania**

v.

**David RIDDICK, Appellant.**

Superior Court of Pennsylvania.

Submitted April 2, 1976.

Decided June 29, 1977.

John W. Packel, Assistant Public Defender, Philadelphia, for appellant.

Steven H. Goldblatt, Assistant District Attorney, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

The appellant claims, *inter alia*,[1] that his right to a speedy trial was violated because he was not brought to trial within

---

1. Because of our disposition of the speedy trial issue, we need not reach the merits of appellant's other assignments of error.

180 days from the date the criminal complaint was lodged against him. See Pa.R.Crim.P. 1100(a)(2).[2] The appellant's claim is meritorious, and we therefore reverse the judgment of sentence and order the appellant discharged.

On July 8, 1974, a criminal complaint was filed against the appellant charging him with rape.[3] Although the 180 day period expired on January 6, 1975, trial did not commence until early in March of 1975. On February 10, 1975, the lower court denied the appellant's petition to dismiss, see Pa.R.Crim.P. 1100(f),[4] on the basis that the case had been continued on several occasions because of unavailable courtroom space. No petition to extend was ever filed by the Commonwealth. The lower court was clearly in error when it denied the petition to dismiss. In *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976), the Pennsylvania Supreme Court held that periods of delay attributable to the judiciary may not be excluded from the computation of the mandatory period.

We therefore reverse the judgment of sentence and order the appellant discharged.

WATKINS, President Judge, and VAN der VOORT, J., dissent.

**2.** Pa.R.Crim.P. 1100(a)(2) provides that: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974, shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

**3.** 18 Pa.C.S. § 3121.

**4.** Pa.R.Crim.P. 1100(f) provides in pertinent part that: "At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated. . . . Any order granting such application shall dismiss the charges with prejudice and discharge the defendant."