432 A.2d 1073

**COMMONWEALTH of Pennsylvania**

v.

**Debbie ROSS a/k/a Lois Bartlebaugh, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 11, 1981.

Filed July 24, 1981.

Sallie A. Radick, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before BROSKY, DiSALLE and SHERTZ, JJ.

BROSKY, Judge:

Following a jury trial, appellant was found guilty of promoting prostitution and criminal conspiracy and, following denial of post-trial motions, was sentenced to a term of imprisonment. The sentence was stayed pending disposition of an appeal to our court. No appeal was ever filed; consequently, appellant was directed to begin serving her sentence. Appellant thereafter filed a petition under the Post Conviction Hearing Act (PCHA) [1] alleging the denial of her right to be represented by a competent lawyer, the denial of her right to appeal through failure to be informed of that right, and the obstruction of her appeal right by a

---

1. Post-conviction relief is presently in two areas of the Pennsylvania Statutes. The Post Conviction Hearing Act, 19 P.S. § 1180–1 to 1180–14, Act January 25, 1966, P.L. (1965) 1580, is implemented by Pa.R.Crim.P., Rule 1501 through 1506. Pa.R.Crim.P., Rule 1507 provides that 19 P.S. § 1180–1 to 1180–14 is suspended insofar as it is inconsistent with the rules. The repeal of the Post Conviction Hearing Act by the Judiciary Repealer Act of 1978, P.L. 202, § 2(2) [1397], is effective June 27, 1981, as amended by Act No. 1980–77 Pa.Legis.Serv.

state official.  A hearing on the petition was held on July 10, 1980; on July 15, 1980, the petition was denied.  This appeal followed.

The central issue for our determination is whether appellant was denied her right of appeal.  The trial court found that she had waived her right of appeal.  We affirm.

Appellant contends that she did not knowingly or voluntarily abandon or fail to exercise her right to appeal but, rather, that she was thwarted in her attempt to exercise her right by her attorney, who failed to take an appeal after being requested to do so.  As a result, she argues, she was deprived of effective assistance of counsel.

The record shows that appellant's trial counsel, Mr. De-Broff, had been her attorney for a period of approximately four years, and that the relationship between them had been a good one.  At the PCHA hearing, when asked his recollection with respect to whether or not his client wished to take an appeal following the denial of her post-trial motions, Mr. DeBroff stated:

I think, she wanted to take an appeal.  In fact, I had indicated to her that there was merit in her doing so, as the questions raised . . . were substantial and in some ways novel. . . .  We did discuss that at least on two occasions;  one, on the 23rd after the time of sentencing . . . and, secondly, the day thereafter . . .

Attorney DeBroff testified that on both of those occasions, he had told appellant

that she should proceed to the Public Defender's Office to have them or some other counsel of her choice, if she wished, to have them represent her in such appeal, as the only way that I could possible [sic] undertake that job for her would be if she were to be able to pay for the work already done for her on this specific case.  She told me on one or another of those two times, I think, the second time, that she would be in.  During the time within which the appeal could be taken she would be in the office to

handle the financial arrangements so that if she still continued to move ahead [sic] we could do so.

Q. Did she come into your office?

A. She did not.

Q. Did she at any time contact you or discuss with you her wish in that period?

A. No. At no time during the subsequent month did I get even a telephone call from her.

Q. Did you communicate with her in any manner?

A. I wrote her a letter a few days thereafter[2] with a copy to Mr. Lamoreau [a companion of appellant].

■ The test in Pennsylvania for whether counsel's assistance is deemed constitutionally effective is whether the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). Here, as the Commonwealth argues, Attorney DeBroff did all that could be reasonably expected of him: he discussed with appellant the merits of taking an appeal, advised her of the time limit for filing an appeal and the consequences of not taking an appeal, and recommended that she seek assistance from the Public Defender's Office if she did not have sufficient funds to pay for an appeal.

When asked whether, between the time of conviction and the time of sentencing, she had discussed an appeal with Mr. DeBroff, appellant replied: "No, *I just knew* that he was going to file the motion." (Emphasis added.) Although the appellant maintained that she had communicated with her

2. The letter, dated October 29, 1979, stated:

"Just a note to you to make certain that you are aware that an appeal must be taken in your case within thirty (30) days from the date of sentence; otherwise, you will be required to serve the term imposed by Judge Popovich.

As I indicated to you and Mr. Lamoreau there is a balance of $450.00 for services rendered in the State Police case, including services regarding the setting of bond on appeal and obtaining a supersedeas Order from Judge Popovich, which we did on October 24.

Please see that this amount is paid without delay."

attorney, the trial court found there was "an absence of any communique which even hints that an appeal had been or would be taken unilaterally by counsel."

■ Analyzing Attorney DeBroff's conduct vis-a-vis that of appellant, we find that Mr. DeBroff's failure to appeal was a direct result of appellant's failure to communicate with him. Instead of just *assuming* that Mr. DeBroff had filed her appeal, appellant should have taken affirmative steps to effectuate her desire to appeal. We agree with the trial court that the October 29th letter informing appellant of the time limit for appeal required a response by appellant. Here, appellant did not come into Attorney DeBroff's office during the appeal period, nor did she make any attempt to contact him.

The factual situation here reflects the uncertainty surrounding the area of a lawyer's responsibility to his client after conviction. In this regard, the ABA Standards for Criminal Justice are helpful. ABA Standard 4–8.2, titled "Appeal" states:

> (a) After conviction, the lawyer should explain to the defendant the meaning and consequences of the court's judgment and defendant's right of appeal. The lawyer should give the defendant his or her professional judgment as to whether there are meritorious grounds for appeal and as to the probable results of an appeal. The lawyer should also explain to the defendant the advantages and disadvantages of an appeal. *The decision whether to appeal must be the defendant's own choice.* (Emphasis added.)
>
> (b) The lawyer should take whatever steps are necessary to protect the defendant's right of appeal.

ABA Standards for Criminal Justice § 4–8.2 (2d Ed. 1980).

The Commentary to the above standard recognizes the potential, after conviction, for misunderstanding between lawyer and client concerning the action that will be taken by

each, and submits that "taking whatever steps are necessary to protect the right of appeal" may include "perfecting the appeal, even though arrangements may have to be made for other counsel to represent the defendant before the appellate court." Commentary at 4–108.

■ We hold, in line with our fellow jurisdictions across the land,[3] that, following conviction, trial counsel must, in order to be effective, go one step further in order to protect his client's right of appeal: either by filing the appeal, by recommending to the client other counsel to handle the appeal, or by presenting to the court a motion to withdraw from the case. In the case of withdrawal, the attorney should look for guidance to the Code of Professional Responsibility, and should, of course, immediately notify the client of such action in time for the client to secure other counsel.

As ABA Standard 4–8.2 clearly states, however, *the decision whether to appeal must be the defendant's own choice.* Therefore, the defendant must take affirmative steps to ensure that his desire to appeal is communicated to his attorney, and that he communicates as well his authorization that the attorney may file an appeal on his behalf. Here, the facts fall short of finding counsel ineffective, since it is not clear whether counsel knew with certainty of appellant's desire to appeal and since appellant took no steps to protect her right of appeal by communicating with her attorney and authorizing him to file an appeal.

■ Under the circumstances, we find that appellant knowingly and voluntarily waived her right of appeal. In

**3.** See *Atilus v. United States,* 406 F.2d 694 (5th Cir. 1969); *Kent v. United States,* 423 F.2d 1050 (5th Cir. 1970); *Goodwin v. Cardwell,* 432 F.2d 521 (6th Cir. 1970); *Collins v. United States,* 418 F.Supp. 577 (2nd Cir. 1976); *Williams v. United States,* 402 F.2d 548 (8th Cir. 1968); *People v. Brown,* 39 Ill.2d 307, 235 N.E.2d 562 (1968); *People v. Collier,* 62 Cal.2d 543, 399 P.2d 569 (1965); *United States ex rel. Randazzo v. Follette,* 444 F.2d 625 (2nd Cir. 1971), cert. denied, 404 U.S. 916, 92 S.Ct. 232, 30 L.Ed.2d 191; *Pires v. Commonwealth,* 373 Mass. 829, 370 N.E.2d 1365 (1977).

order for there to be a proper waiver, "the accused must be aware of all of his rights incident to an appeal, and with such knowledge intentionally abandon or fail to exercise them." *Commonwealth v. Maloy*, 438 Pa. 261, 263, 264 A.2d 697, 698 (1970). It is without doubt that the right to appeal and the right to assistance of counsel in taking and perfecting an appeal may be waived if such waiver is intelligently and voluntarily made. See *Commonwealth v. Wilson*, 430 Pa. 1, 241 A.2d 760 (1968).

We hold here that appellant did waive her right of appeal as found by the court below. The court's findings in this regard [4] are clearly supported by the record, and consequently we will not disturb them. *Commonwealth v. Sweitzer*, 261 Pa.Super. 183, 396 A.2d 1376 (1978).

Accordingly, we affirm the order of the court below.

4. In addition to finding that appellant "did not in good faith believe her trial counsel would file an appeal on her behalf," the court also found "incredulous" appellant's testimony that she "didn't understand what had been said" regarding the right to free, court-appointed counsel, since on the day of the sentencing hearing, the court had clearly informed her of this right:

THE COURT: Miss Ross, I will now advise you of your rights[.]
You are entitled to appeal to the higher court in thirty days on the grounds that your post-verdict motions in arrest of judgment and/or for a new trial were erroneously not granted to you by this court, or on the grounds that any sentence I impose is an unlawful sentence, or on the grounds that you have been denied the effective assistance of an attorney.
Now, if you do take an appeal, you are entitled to the services of an attorney. If you can't afford one, I will appoint one for you at your request, free of charge, if you can't pay the costs. If you can't pay the costs you may nevertheless take an appeal. The court will appoint an attorney for you. Do you understand your right to do so?
MISS ROSS: Yes.