442 A.2d 1129

COMMONWEALTH of Pennsylvania

v.

**Barry L. MAY, Appellant.**

Superior Court of Pennsylvania.

Argued June 13, 1980.

Filed March 12, 1982.

436

David Schaumann, York, for appellant.

John C. Uhler, District Attorney, York, for Commonwealth, appellee.

Before CERCONE, President Judge, and PRICE, SPAETH, HESTER, CAVANAUGH, WICKERSHAM and BROSKY, JJ.

CERCONE, President Judge:

This case was listed for reargument along with *Commonwealth v. Miranda,* 296 Pa.Super. 441, 442 A.2d 1133 (1982),[1] since the primary issue also concerns the scope of review permitted a PCHA court once it decides that the PCHA petitioner has been denied his appellate rights.

Appellant, Barry L. May, was involved in three trials before the York County Court. In one jury trial appellant was charged, along with two other defendants, with the robbery of a beer distributor. In the second case, appellant and another defendant were tried before a jury on a charge of robbery of a retail establishment. In this latter case, Mr. David W. Stitely, Esquire represented appellant and his co-defendant. Finally, in a third case appellant was represented by Mr. H. Stanley Rebert, Esquire in a non-jury trial involving a residential burglary charge. Convictions resulted at all trials and post-trial motions were filed and denied in each case. No direct appeals were taken from any of the judgments of sentence.

Appellant filed PCHA petitions in each case. Counsel was appointed and hearings were held in the lower court. As to

---

1. Reargument was set by an order of our Court dated April 18, 1980.

the case involving the residential burglary charge, appellant contended that counsel was ineffective for failing to take a direct appeal. The lower court found that the failure to file a direct appeal was solely the result of counsel's inadvertence, and granted appellant leave to appeal *nunc pro tunc* from the judgment of sentence.

As with reference to the beverage distributor robbery the PCHA court found that trial counsel was ineffective for failing to object to prosecutorial misconduct which was held to be both clear and prejudicial. As a result, a new trial was awarded to appellant.

The third case before the PCHA court involved the robbery at the retail store. Here, appellant raised numerous claims of ineffective counsel, including the contention that counsel failed, through inadvertence, to pursue a direct appeal. After analyzing the merits of each claim, the PCHA court found all but the denial of appellate rights claim to be devoid of merit. Thus, the court awarded appeal rights *nunc pro tunc* to appellant.

 This appeal followed. It was captioned as an appeal from denial of defendant's PCHA petition.[2] The filing of the appeal by appellant was inaccurate. In fact, this is one of the problems we discussed in *Commonwealth v. Miranda,* 296 Pa.Super. 441, 442 A.2d 1133 (1982). We also have a procedural error on the part of the lower court. When the PCHA court does not act within the procedural guidelines set forth in *Commonwealth v. Webster,* 466 Pa. 314, 317, 353 A.2d 372, 373, (1976) and *Commonwealth v. Sullivan,* 472 Pa. 129, 371 A.2d 468 (1977), as discussed in our case of *Commonwealth v. Miranda, supra,* confusion results as to the number and type of appeals which should follow. Herein, the PCHA court was not only presented with the denial of appellate rights claim, but also

2. In his brief to our Court, appellant limited his claims to the PCHA court's actions on his conviction for the robbery of the retail store. Thus, the propriety of the PCHA court's action on the residential burglary conviction was never presented for appellate review. In fact, appellant has lost the right to pursue this conviction on appeal by failing to timely file after the August 1, 1978 PCHA order which granted him the *nunc pro tunc* remedy as to this charge.

with several claims charging trial counsel's ineffectiveness. After deciding that petitioner had indeed been denied his appellate rights and granting him the right to appeal *nunc pro tunc*, the PCHA court here went on to address and deny each of the remaining issues. Where the denial of appellate rights claim is raised in the PCHA court and is meritorious, the proper remedy is the grant of the appeal *nunc pro tunc*,[3] and review of any remaining claims by the PCHA court occurs only to assure that the record is adequate for appellate review.[4] Concerning these remaining issues, then, the PCHA court functions only in an evidentiary capacity. This evidentiary review, however, does not result in a separate appealable order. Appellant has only to file the *nunc pro tunc* appeal, wherein he can raise all issues which have been adequately preserved. *See Commonwealth v. Faison*, 437 Pa. 432, 264 A.2d 394 (1970).

Although the appellant and the lower court in the case at bar have deviated from the proper procedural course, we shall nonetheless entertain the present appeal and address the merits of the issues raised. In light of the confusion surrounding the proper procedure to follow in this area, we cannot penalize appellant in this case. Herein, appellant asserts several claims of trial counsel's ineffectiveness. There is no merit to any of these allegations. Appellant first questions counsel's failure to object to the prosecution's use of leading questions. At the PCHA hearing, the court found that the leading questions complained of were no

---

**3.** As we explained in *Miranda*, the remedy of a *nunc pro tunc* appeal is appropriate where post-verdict motions have been filed and argued in the case. Under these circumstances, a presumption exists in favor of the validity of these post-verdict motions and in favor of counsel's effectiveness in preparing them. Where, however, there has been no filing of post-verdict motions, the appropriate relief to be afforded PCHA petitioner is the grant of post-verdict motions *nunc pro tunc*. With the filing of these motions, the appeal process would then proceed along its normal course.

**4.** Instantly, it was necessary for the PCHA court to review the claims asserting trial counsel's ineffectiveness. Without a hearing on these points below, we would have been presented with an incomplete record on appeal and would have found it necessary to remand the case for an evidentiary hearing.

"more than a recapitulation or repetition of facts already testified to by the witness." Second, appellant contends that trial counsel was ineffective for failing to impeach a Commonwealth witness with prior inconsistent statements. On this point, the PCHA court found that "[t]he trial record [showed] that counsel consumed five pages of the transcript in confronting [the witness] with allegedly inconsistent statements. . . ." We agree with the disposition by the PCHA court of these two issues. This Court will not disturb the findings of the PCHA court if they are supported by the record. *Commonwealth v. Sullivan*, 472 Pa. at 145, 371 A.2d at 476.

As a third argument, appellant claims that he was prejudiced by counsel's inability to confront a Commonwealth witness with the witness' prior criminal record. Even if the trial judge may have had to "coach" defense counsel, insofar as the proper use of prior convictions for impeachment purposes, this cannot be viewed as prejudicial to appellant. The record establishes that defense counsel finally did accomplish and use the technique to appellant's advantage. Absent evidence of prejudice, then, this claim also fails. *See Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977); *See generally Commonwealth v. Shadron*, 471 Pa. 461, 370 A.2d 697 (1977); *Commonwealth v. Nagel*, 246 Pa.Superior Ct. 576, 371 A.2d 983 (1977).

The fourth allegation of ineffectiveness concerns the fact that trial counsel dually represented appellant and co-defendant Maridian Oberdick. Summerizing the law on conflicts of interest, the Supreme Court in *Commonwealth v. Breaker*, 456 Pa. 341, 318 A.2d 354 (1974), stated:

Our dual representation cases make several principles clear. First, [i]f, in the representation of more than one defendant, a conflict of interest arises, the mere existence of such conflict vitiates the proceedings, even though no *actual* harm results. The potentiality that such harm may result, rather than that such harm *did* result, furnishes the appropriate criterion. . . . Fourth, appellant will satisfy the requirement of demonstrating possible harm, if he can show, inter alia, that he had a defense inconsistent with

that evidenced by the other client, or that counsel neglected his case in order to give the other client a more spirited defense. (Emphasis in original.) (Citations and footnote omitted)."

Herein, the record evidences that appellant did not assert a defense inconsistent with that of his co-defendant, Maridian Oberdick. In fact, both defendants asserted the same identical defense that they knew nothing about the robbery and were not in the vicinity when the act occurred. Because appellant has neither established actual harm nor the possibility of harm, his argument fails.

Finally, appellant claims that he has not been afforded a speedy trial pursuant to Rule 1100 of the Pennsylvania Rules of Criminal Procedure. Since the original complaints in the case were filed on February 2, 1976, the last day for trial was August 1, 1976. Appellant was tried on August 24, 1976. Appellant claims that the Commonwealth's petition for extension was untimely, having been filed on August 6, 1976, and therefore, appellant is entitled to dismissal of all charges against him. Contrary to appellant's contention, the record clearly establishes that the Commonwealth filed a timely petition for extension on July 30, 1976. This being the case, appellant's last argument also fails.

Order of the lower court is affirmed.