444 A.2d 712
**COMMONWEALTH of Pennsylvania**
**v.**
**Charles RITCHIE, Appellant.**
Superior Court of Pennsylvania.
Submitted Nov. 16, 1979.
Filed April 16, 1982.

1. We have held this case until the opinions in *Miranda* and *May* were filed.

William J. Hain, Erie, for appellant.

Shad Connelly, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

SPAETH, Judge:

This is an appeal from an order dismissing a Post Conviction Hearing petition. Appellant claims that he did not

knowingly waive his right to appeal the judgment of sentence that was imposed following his conviction for robbery. We agree and therefore reverse and remand with instructions to permit appellant to file an appeal *nunc pro tunc.*

Appellant was found guilty of robbery by a jury on November 18, 1975. Post-verdict motions were dismissed and on March 3, 1976, appellant was sentenced to 3½ to 9 years in prison. The notes of testimony of the sentencing proceedings were never transcribed because the court reporter left the employ of the county and could not be found.

Appellant's PCHA petition was filed *pro se* on September 15, 1978, and was later amended. A hearing on the petition was held on February 28 and March 1, 1979. The testimony was by appellant; by the lawyer who had been privately retained by appellant and had represented him at trial and through sentencing; and by the public defender who represented appellant after sentencing. This testimony discloses the following.

Appellant did not recall being told at the time of sentencing either that he had only 30 days within which to appeal, or that if he could not afford a lawyer to represent him on appeal, one would be provided for him. N.T. (2/28/79) at 13. Appellant's trial counsel testified that after the sentencing hearing he told appellant of his right to an appeal. However, he also testified that he told appellant that he would not represent him on the appeal because appellant could not afford to pay him. N.T. (2/28/79) at 4–5. Appellant testified that he understood that only his trial counsel could file an appeal for him. N.T. (2/28/79) at 19. Appellant was then taken to prison to begin serving his sentence and trial counsel sent his file to the Public Defender's office.

The public defender assigned to appellant's case had only been a practicing attorney for a few months, N.T. (3/1/79) at 1, and was not officially a member of the defender's office, N.T. (2/28/79) at 6. He did not visit or write appellant to inform him that he had been assigned to represent him. He did discuss with appellant's trial counsel the

possible merits of an appeal; but he did not ask trial counsel whether appellant wanted to appeal. *See* N.T. (2/28/79) at 6.

On the 28th day of the 30 day period for filing an appeal the defender filed a petition for reconsideration of sentence. He then informed appellant for the first time that he was representing him. He also informed appellant that he had filed a petition for reconsideration of the sentence, and that there would be a hearing on the petition. N.T. (3/1/79) at 4–5. The defender did not ask appellant whether he wanted to appeal, nor did he advise him that the petition for reconsideration would not by itself toll the appeal period.

The petition for reconsideration was denied on May 27, 1976. The defender informed appellant of the denial but did not ask him whether he wished to proceed further. Approximately one week later, on June 3, 1976, appellant wrote to the defender, asking him "to see what I [the defender] could do about getting the trial transcripts because he [appellant] was going to prepare an appeal." N.T. (3/1/79) at 2. In reply, the defender wrote to appellant that the transcripts had not yet been filed, but that appellant would be notified when they were. N.T. (3/1/79) at 3.

■ It is settled that a defendant is entitled to effective assistance of counsel on appeal and that such assistance includes counsel's assistance in perfecting the appeal. *Commonwealth v. Blackwell*, 258 Pa.Superior Ct. 121, 392 A.2d 714 (1978); *Commonwealth v. Haynes*, 234 Pa.Superior Ct. 556, 340 A.2d 462 (1975). Where counsel, because of ignorance of proper procedures, fails to file a timely appeal, he is ineffective. *Commonwealth v. Vasquez*, 268 Pa.Superior Ct. 295, 408 A.2d 154 (1979).

■ Had the defender but once asked appellant whether he wanted to appeal, the problem presented by this case might have been avoided. Instead, he never informed appellant of his right to appeal, never asked him whether he wanted to appeal, and may well have misled appellant, for it was clear from appellant's letter of June 3 that appellant wanted to appeal, and by replying to the letter only that

appellant would be informed when his transcripts had been filed, the defender may have suggested to appellant that filing an appeal could await receipt of the transcripts.

The defender justified his failure to act by stating that he believed he had been appointed only to file a petition for reconsideration and nothing more. However, he should have known that since he was acting as post-sentencing counsel, he was responsible for preserving appellant's right to appeal, and that the mere filing of a petition for reconsideration of sentencing would not by itself toll the appeal period. *See Commonwealth v. Wilkinson*, 260 Pa.Superior Ct. 77, 393 A.2d 1020 (1978); *Commonwealth v. Lord*, 230 Pa.Superior Ct. 96, 326 A.2d 455 (1974). Furthermore, his statement that he was only concerned with the petition for reconsideration is belied by the fact that he initiated a discussion of the possible merits of an appeal with appellant's trial counsel. The record does not disclose trial counsel's appraisal of the case. However, even if the defender was convinced that an appeal would be meritless, that was no reason for failing to protect appellant's right to appeal, for appellant had an absolute right to appeal. *Commonwealth v. Wilkerson*, 490 Pa. 296, 416 A.2d 477 (1980); *Commonwealth v. Fareri*, 271 Pa.Superior Ct. 174, 412 A.2d 632 (1979). Thus, if the defender's failure to file an appeal was based on his own view that an appeal would be meritless, he acted improperly. In any event, his failure during the appeal period even to ask appellant whether he wanted to appeal was in the circumstances inexcusable. *Cf. Commonwealth v. Robinson*, 487 Pa. 541, 410 A.2d 744 (1980) (right to appeal waived where appellant never told counsel that he wanted to appeal and there was no difficulty in communicating with counsel during the appeal period).

As mentioned earlier, there are no notes of testimony available from the sentencing proceeding. The PCHA hearing judge had also been the trial judge. At the hearing he said that he did not recall any occasion on which as trial judge he had failed properly to inform a defendant of his appellate rights. N.T. (2/28/79) at 18. In the absence of notes of testimony the burden was on the Commonwealth to

prove that appellant had knowingly waived his right to appeal. *Commonwealth v. Wilson*, 430 Pa. 1, 241 A.2d 760 (1968). Even if we put appellant's testimony aside, still the testimony of trial counsel and of the defender shows that the Commonwealth failed to sustain its burden.

Once we have determined that there has been a denial of the right of direct appeal our inquiry stops. We do not consider what the merits of such an appeal might be but rather remand to the lower court with instructions that appellant be permitted to file a direct appeal *nunc pro tunc.* *Commonwealth v. Miranda*, 296 Pa.Superior Ct. 441, 442 A.2d 1133 (1982); *Commonwealth v. May*, 296 Pa.Superior Ct. 435, 442 A.2d 1129 (1982).[1]

The order of the lower court is reversed and the case is remanded so that appellant may file an appeal *nunc pro tunc.*

---

1. This procedure has just been reaffirmed by this court sitting en banc in *Commonwealth v. Miranda, supra,* and *Commonwealth v. May, supra.* We have held this case until the opinions in *Miranda* and *May* were filed.