444 A.2d 711

**COMMONWEALTH of Pennsylvania**

v.

**Fred COOLEY, Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1980.

Filed April 16, 1982.

Henry J. Lunardi, Philadelphia, for appellant.

<del>■■■■■■</del>

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, BROSKY and VAN der VOORT, JJ.

SPAETH, Judge:

This is an appeal from an order denying post-conviction relief. We reverse and remand so that appellant may file an appeal *nunc pro tunc.*

Appellant was convicted of burglary by a judge sitting without a jury. After post-verdict motions were made and denied he was sentenced to 3 to 15 years in prison. He was represented in these proceedings by a public defender.

The day after the imposition of sentence appellant wrote from Graterford Prison requesting counsel to file an appeal. He received a reply from the chief of the appeals division of the public defender's office stating: that the defender's office would not file an appeal for him because it believed an appeal would be without merit; that forms were included that appellant could use in filing an appeal *pro se*; and that if he had any questions, he should put them to the Law Clinic at the prison. Appellant did not file an appeal *pro se.*

On May 17, 1977, appellant filed a P.C.H.A. petition and on September 14, 1978, after the appointment of counsel, an amended petition. In the amended petition he alleged that trial counsel had been ineffective in failing to file a direct appeal as requested, and he asked that he be permitted to appeal *nunc pro tunc.* After a hearing this petition was denied by the lower court and the present appeal followed.

■ Trial counsel's responsibilities as appellant's appointed counsel did not end with his sentencing. Pa.R.Crim.P. 316(c)(iii). *See Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1968); *Commonwealth v. Hickox,* 433 Pa. 144, 249 A.2d 777 (1969). Even if trial counsel believed that appellant's appeal would be without merit it was still his duty to perfect the appeal once requested to do so and then to follow the procedures required by *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), *Commonwealth v. Baker,* 429 Pa. 209, 239 A.2d 201 (1968), and

*Commonwealth v. McClendon,* 495 Pa. 467, 434 A.2d 1185 (1981). Because appellant's trial counsel failed to perfect the appeal, he was ineffective. *Commonwealth v. Fareri,* 271 Pa.Superior Ct. 174, 412 A.2d 632 (1979).

█ Once we have determined that appellant was denied the right of direct appeal because of the failure of counsel to file an appeal after being requested to do so our inquiry is finished. The Commonwealth argues that in order to be entitled to relief under the Post Conviction Hearing Act appellant must also show that his appeal would have had merit. This court sitting en banc has just reaffirmed that that is not the law. Once appellant has shown that he was wrongfully denied his right of direct appeal the question of whether his appeal is meritorious is to be decided on the appeal to which he has been entitled all along. *Commonwealth v. Miranda,* 296 Pa.Superior Ct. 441, 442 A.2d 1133 (1982); *Commonwealth v. May,* 296 Pa.Superior Ct. 435, 442 A.2d 1129 (1982).[1]

The order of the lower court is reversed, and the case is remanded so that appellant may file an appeal *nunc pro tunc.*

---

1. We have held this case until the opinions in *Miranda* and *May* were filed.