457 A.2d 1272

**COMMONWEALTH of Pennsylvania**

v.

**James B. McKNIGHT, Appellant.**

Superior Court of Pennsylvania.

Submitted June 3, 1981.

Filed Feb. 4, 1983.

Reargument Denied April 19, 1983.

Petition for Allowance of Appeal Denied Sept. 19, 1983.

462

Marilyn J. Gelb, Philadelphia, for appellant.

Gaele McGlaughlin Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before ROWLEY, McEWEN and MONTEMURO, JJ.

MONTEMURO, Judge:

In the present case, we are faced with the difficult procedural question of the extent of this court's power to fashion relief when a determination is made, in an appeal from on adverse order in a collateral attack on a judgment of sentence under the Post-Conviction Hearing Act [1] [hereinafter PCHA], that appellant was denied his appellate rights due to ineffectiveness of counsel. Specifically, whether this court, once a determination has been made that appellate rights were denied and that appellant is entitled to an appeal *nunc pro tunc*, can decide appellant's other claims as if they were before the court on the *nunc pro tunc* appeal, and not on the collateral attack appeal. We find that in the limited circumstances of this case, we should resolve appellant's claims without further remand. To do

1. Act of January 25, 1966, P.L. 1580 (1965), § 1 et seq., 19 P.S. § 1180–1 et seq., repealed § 2(a) [1397] of Act 1978, April 28, P.L. 202, No. 53, to take effect June 27, 1980, reinstated Act of June 26, 1980, No. 41 § 1, to June 27, 1982.

otherwise would make a mockery of the oft-stated concept of "judicial economy."

Appellant, James B. McKnight, brings this appeal from the order of the lower court denying relief pursuant to the PCHA. Appellant contends that counsel was ineffective in failing to preserve the appellate rights of the appellant by not filing an appeal; in failing to file a timely motion to dismiss under Pa.R.Crim.P. 1100; in failing to preserve for appeal an objection to prejudicial remarks by the trial judge; and in failing to preserve for appeal an objection to the trial court's charge to the jury regarding the elements of conspiracy. We find that (1) appellant was denied his right to appeal through the ineffectiveness of counsel, and (2) appellant's other claims lack merit. Accordingly, we reverse in part and affirm in all other respects the order of the lower court.

James B. McKnight was arrested on November 8, 1974 and following the denial of pre-trial motions, a jury trial was conducted. The appellant was found guilty of robbery,[2] conspiracy,[3] and possession of an instrument of crime.[4] Appellant's post-trial motions were denied and he was sentenced to five (5) to fifteen (15) years imprisonment on the robbery charge. No direct appeal was taken from the judgment of sentence.

Subsequently, appellant, without the aid of counsel, attempted to avail himself of post-conviction relief. On May 11, 1976, appellant filed a *pro se* PCHA petition, which was denied without a hearing. On October 26, 1976, appellant filed a second *pro se* PCHA petition, which was also denied without a hearing. Appellant then filed a *pro se* petition for allowance to file an appeal *nunc pro tunc* in this court, which was denied in a *per curiam* order. Appellant then sought allocatur to the Pennsylvania Supreme Court which issued a *per curiam* order to the trial court for appoint-

2. 18 Pa.C.S.A. § 3701.

3. 18 Pa.C.S.A. § 905.

4. 18 Pa.C.S.A. § 2705.

ment of counsel to assist in the filing of a new PCHA petition. An amended petition was filed asserting essentially the same claims which are before us now.

On January 7, 1980, an evidentiary hearing was held to take testimony relevant to appellant's ineffectiveness claims. Only the appellant and his trial counsel testified. The appellant testified that following his sentencing hearing, he requested his trial counsel, a member of the Defender's Association, to file an appeal. In support his testimony, appellant produced two letters from appellant to trial counsel, regarding the desirability of filing an appeal. One letter was undated,[5] the other was post-marked August 25, 1976.[6]

The Commonwealth introduced correspondence from the Defender's Association, dated September 25, 1975, enclosing forms and instructions for filing an appeal.[7] The letters stated that the forms were being sent at the request of appellant's trial counsel. In his own testimony, trial counsel was unable to recall any discussion with the appellant regarding the desirability of an appeal. The PCHA court denied relief and appellant filed a timely appeal.

▇▇▇▇ This court, in determining whether a criminal defendant was afforded effective assistance of counsel, will make an independent review of the record, *Commonwealth v. Strader*, 262 Pa.Super. 166, 396 A.2d 697 (1978), and an examination of counsel's stewardship of the now challenged proceedings in light of the available alternatives. *Com-*

---

5. The undated letter read in pertinent part:
   "I will [sic] appreciate if you will send judge (Kubacki) a pertiction [sic, petition] asking for a contentious [sic, continuation] of (30 days) on grounds to go over my case, that something had been overlooked.
   I hope that you had [sic] apeal [sic] the case for a new trial."

6. The August 14, 1976 letter read, in pertinent part:
   "I wrote you before and got no reply ... you know my right [sic] was violated and my 180 days by law I should be home. This will be my last letter my mind is made up just send me my note, like you was supposed to do from the start and my entrie [sic] of the court."

7. The September 25th correspondence was addressed to the appellant and signed by John W. Packel, Appeals Division.

monwealth ex rel. Washington v. Maroney, 427 Pa. 599, 235 A.2d 349 (1967); *Commonwealth v. Gray*, 297 Pa.Super. 123, 443 A.2d 330 (1982). Counsel will be deemed effective if this court determines that the course of action chosen by counsel had some reasonable basis designed to effectuate his client's interest. *Commonwealth ex rel. Washington v. Maroney, supra; Commonwealth v. Johnson*, 280 Pa.Super. 309, 421 A.2d 737 (1980). However, it is only when the claim is of arguable merit that we must make an inquiry into the basis for counsel's decision not to pursue the matter. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977).

▆ Moreover, an accused has an absolute right to an appeal. Pa. Const., Art. V, Sec. 9, and counsel can be faulted for allowing that right to be waived unless the accused himself effectively waived the right. *Commonwealth v. Wilkerson*, 490 Pa. 296, 416 A.2d 477 (1980); *Commonwealth v. Johnson, supra.* The appellant's right to appeal includes the right to the assistance of counsel in the task of taking and perfecting the appeal. *Commonwealth v. Ritchie*, 298 Pa.Super. 165, 444 A.2d 712 (1982); *Commonwealth v. Fareri*, 271 Pa.Super. 174, 412 A.2d 632 (1979); *Commonwealth v. Blackwell*, 258 Pa.Super. 121, 392 A.2d 714 (1978). In *Commonwealth v. Wilkerson, supra*, our Supreme Court set forth a requirement that counsel, at a minimum, initiate procedures consistent with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). On the other hand, an accused can waive his right to the assistance of counsel if the waiver constitutes "an intentional relinquishment or abandonment of a known right." *Commonwealth v. Wilson*, 430 Pa. 1, 3, 241 A.2d 760, 762 (1968). The Commonwealth has the burden of proving a waiver by a preponderance of the evidence. *Commonwealth v. Wilson, supra.*

▆ The PCHA hearing court found that the appellant "knowingly and voluntarily waived his appellate rights." Our independent examination of the record convinces us that an opposite conclusion is mandated. The record amply

466

demonstrates that the appellant actively pursued his appellate rights, first, by requesting counsel to pursue an appeal and later by communicating with counsel by letter to ascertain the status of the appeal. The letter from the Defender's Association transmitting forms and instructions to the appellant supports a finding of no waiver since this exact situation has been previously decided by this court in *Commonwealth v. Cooley*, 298 Pa.Super. 163, 444 A.2d 711 (1982). The court in *Cooley*, found that the mere transmission of forms and instructions did not fulfill counsel's duty to aid appellant in the perfection of his appeal. *Commonwealth v. Cooley, supra; Commonwealth v. Fareri, supra.* Having found that the appellant has been denied his appellate rights we must now determine what remedy is appropriate.

■ The Commonwealth contends, should we decide as we have that the appellant was denied his right to appeal, that it would be superfluous to grant the defendant the right to file an appeal *nunc pro tunc* only to raise the same issues which have been fully briefed and which were subject to an evidentiary hearing. We agree and therefore we shall proceed to resolve appellant's remaining claims.[8]

Appellant contends that his trial counsel was ineffective in failing to assert a motion to dismiss pursuant to Pa.R.

8. In *Commonwealth v. Cooley, supra,* and *Commonwealth v. Ritchie,* 298 Pa.Super. 165, 444 A.2d 712 (1982), this court found a denial of appellate rights in appeals from PCHA orders denying relief. In both *Cooley* and *Ritchie,* the relief granted was an order to remand for the filing of an appeal *nunc pro tunc.* The present case can be distinguished from *Cooley* and *Ritchie* in that in each of those cases there was no indication that any other claims were before the court. In the present case each of the appellant's other claims was presented to the lower court and a full evidentiary hearing was conducted. Furthermore, the issues are fully briefed by the parties. Given this combination of factors we find the better course to be resolution of the other claims in the context of a *nunc pro tunc* appeal. The resolution of appellant's claims in the posture of a *nunc pro tunc* appeal serves the dual purpose of quickly remedying the denial of a direct appeal, and at the same time promoting the traditional policies of judicial economy and fairness. *Commonwealth v. Miranda,* 296 Pa.Super. 441, 442 A.2d 1133 (1982). Cf. *Commonwealth v. Unger,* 494 Pa. 592, 432 A.2d 146 (1980).

Crim.P. 1100. A brief recitation of the relevant facts is in order to determine if appellant's claim has merit. *Commonwealth v. Hubbard, supra.*

■ Appellant was arrested on November 8, 1974 after robbing a young woman of her purse and twenty-five ($25.00) dollars at knifepoint. A criminal complaint was filed November 9, 1974. The trial commenced with a suppression hearing reserved until the time of trial on May 12, 1975. *Commonwealth v. Whitner,* 278 Pa.Super. 175, 420 A.2d 486 (1980). Hence, 184 days elapsed from the time of the filing of the complaint until the commencement of trial. 1 Pa.C.S.A. § 1908. Thus, the appellant is entitled to be discharged unless we can determine from the record that a period of time in excess of four days is excludable under Pa.R.Crim.P. 1100(d).[9]

Four periods of potentially excludable time are proposed by the Commonwealth; (1) January 21, 1975 to February 26, 1975 because of a requested continuance by defense counsel, (2) February 21, 1975 to April 8, 1975 because of the lack of availability of a courtroom; (3) April 8, 1975 to April 25, 1975 also because of the lack of availability of a courtroom, and (4) April 25, 1975 to April 29, 1975 because a co-defendant's attorney was not available.

In determining whether there was a claim of arguable merit, we must examine counsel's stewardship under the standards as they existed at the time of his action. *Commonwealth v. Triplett,* 476 Pa. 83, 381 A.2d 877 (1977); *Commonwealth v. Arthur,* 488 Pa. 262, 412 A.2d 498 (1980). Under the standards, as they existed in May, 1975, it is clear that counsel was not ineffective in failing to raise a Pa.R.Crim.P. 1100 motion.

**9.** Appellant's trial counsel did attempt to assert a motion to dismiss pursuant to Pa.R.Crim.P. 1100, but only after appellant had (1) repeatedly urged him to do so, and (2) filed a *pro se* motion. Counsel's motion, made after the swearing of the jury, was not timely. Pa.R. Crim.P. 1100(f). *Commonwealth v. Ziegler,* 286 Pa.Super. 26, 428 A.2d 220 (1981). The motion was denied by the trial court although the record does not indicate whether it was denied on the merits or because it was not timely made.

Appellate decisions rendered after appellant's trial have held that periods attributable to judicial delay (unavailability of courtrooms) are not to be considered excludable from the 180 day computation, *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976); *Commonwealth v. Riddick*, 248 Pa.Super. 120, 374 A.2d 1347 (1977).[10] However, these decisions were rendered subsequent to appellant's trial and therefore counsel cannot be found ineffective for failing to foresee them. *Commonwealth v. Arthur, supra.* A similar analysis is applicable to the time period attributable to the absence of co-defendant's counsel. These periods were made non-excludable by this court in *Commonwealth v. Thomas*, 266 Pa.Super. 381, 404 A.2d 1340 (1979), again subsequent to the appellant's trial. Finding these periods (attributable to either judicial delay or co-defendant delay), a total of sixty-two days, were excludable at the time of trial, counsel cannot be found ineffective for failing to pursue a Pa.R.Crim.P. 1100 claim.[11]

Appellant's next claim is that the trial judge erred by making prejudicial remarks to the jury and that counsel was ineffective in failing to assert on appeal a claim based on them. We find no merit in this argument.

The remarks appellant complains of occurred in the trial court's charge to the jury:

"Now this is a charge of robbery. This is not a pocketbook snatch where a bag is grabbed and a person flees. But this was done with a weapon and society takes a very dim view of this type of crime because of the fear."

The remarks were excepted to by counsel and also an argument was raised orally in post-trial motions.

10. In *Commonwealth v. Shelton, supra,* the court held that periods attributable to judicial delay are not excludable from the 180 day computation. The Commonwealth must petition for extension to toll the 180 day limit.

11. Additionally, appellant's trial counsel testified at the PCHA hearing that the practice in Philadelphia County at the time of appellant's trial was to consider judicial delay and co-defendant delay excludable from the 180 day computation.

■ The remarks, as quoted by appellant, are taken from context in the course of a jury instruction extending over twenty-five pages. When read in context it is apparent that the trial judge was merely trying to distinguish the crime of theft from the crime of robbery. As the court stated immediately following the above quoted passage:

"Let me explain it to you. I shall explain it to you in the framework of the facts that we heard in this case. If a person steals by threats or by putting another person in serious harm, then he is a robber. Thus, if you find that the demand by the robber, to quote 'give it up,' and the use of the knife put Mrs. Coleman in fear of immediate bodily harm, then you have a robbery."

It is apparent that the trial judge was not attempting to invade the province of the jury, nor was the remark "of such a nature or substance or delivered in such a manner that it may reasonably be said to have deprived the defendant of a fair and impartial trial." *Commonwealth v. Rolison,* 473 Pa. 261, 274, 374 A.2d 509, 514 (1977); *Commonwealth v. Humphreys,* 267 Pa.Super. 318, 406 A.2d 1060 (1979). Read in context, the remarks are not prejudicial, but merely an attempt by the trial court to distinguish two separate crimes. We find that this issue is not of arguable merit and therefore counsel was not ineffective.

■ Appellant's final claim is that the trial judge erred in defining the crime of criminal conspiracy by failing to set forth the requisite element of an overt act. This claim is rebutted by a reading of the trial court's charge wherein the court states, "[T]he law says there has to be at least one act by one of the co-conspirators in furtherance of the conspiracy before you can find it." Therefore, this claim is also without merit.

Having decided all of the appellant's claims herein and, thus vitiating any further need for a *nunc pro tunc* appeal, we affirm the order of the lower court in all respects save that part of the lower court's order finding no denial of appellate rights, which has now been corrected by our determination herein.