496 A.2d 773

**COMMONWEALTH of Pennsylvania**

**v.**

**Darryl ZIGLER, a/k/a Darrell V. Zigler, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1984.

Filed July 19, 1985.

John H. Corbett, Jr., Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before POPOVICH, HOFFMAN and LIPEZ, JJ.

LIPEZ, Judge:

In a jury trial, defendant was convicted of three counts of involuntary deviate sexual intercourse, two counts of statu-

tory rape, one count of recklessly endangering another person, two counts of terroristic threats, two counts of indecent assault, three counts of corruption of minors, and one count of simple assault. After denial of post-verdict motions, judgment of sentence was imposed, but no direct appeal was taken. Defendant later filed a PCHA petition, contending that he was denied his right to a direct appeal through the ineffective assistance of counsel. We agree and therefore reverse the order of the court below, and grant the defendant the right to file a direct appeal within thirty days of the date this opinion is filed.

Speaking for a unanimous panel of this court, Judge Brosky stated:

We hold, in line with our fellow jurisdictions across the land, that, following conviction, trial counsel must, in order to be effective, go one step further in order to protect his client's right of appeal: either by filing the appeal, by recommending to the client other counsel to handle the appeal, or by presenting to the court a motion to withdraw from the case. In the case of withdrawal, the attorney should look for guidance to the Code of Professional Responsibility, and should, of course, immediately notify the client of such action in time for the client to secure other counsel.

As ABA Standard 4–8.2 clearly states, however, *the decision whether to appeal must be the defendant's own choice.* Therefore, the defendant must take affirmative steps to ensure that his desire to appeal is communicated to his attorney, and that he communicates as well his authorization that the attorney may file an appeal on his behalf.

*Commonwealth v. Ross*, 289 Pa.Super. 104, 110, 432 A.2d 1073, 1075–76 (1981) (emphasis in original; footnote omitted).

In *Ross*, the court went on to hold that the absence of evidence that the defendant had communicated her desire to take an appeal to her attorney precluded a finding that counsel was ineffective. Here, however, defendant's trial

counsel testified at the PCHA hearing below that defendant clearly communicated his desire to take an appeal, when they discussed appellate rights immediately after imposition of sentence. Trial counsel informed defendant at that time that the public defender would have to take over for the appeal. Trial counsel told defendant that he knew a public defender whom he would contact in order to have him get in touch with defendant, but trial counsel did not in fact contact the public defender.

■ Trial counsel admitted that he did not inform defendant of how to go about filing the appeal himself. Trial counsel also testified that he later received a letter from defendant, inquiring about the status of the case with the public defender, thus confirming defendant's own testimony that he was relying on counsel's assertion that he would contact the public defender to have the appeal filed. Hence the facts here are completely unlike the situation which precluded a finding of ineffectiveness in *Commonwealth v. Ross, supra.* Here defendant's clear communication of his desire to appeal and his reliance on his attorney to take appropriate action, which was promised but not done, mandate a finding that defendant was denied his right to a direct appeal because of the ineffectiveness of counsel. *Cf. Commonwealth v. Ritchie,* 298 Pa.Super. 165, 444 A.2d 712 (1982); *Commonwealth v. Cooley,* 298 Pa.Super.Ct. 163, 444 A.2d 711 (1982).

■ The Commonwealth contends that under Justice Larsen's opinion in *Commonwealth v. Unger,* 494 Pa. 592, 597–98, 432 A.2d 146, 148–49 (1980), if we determine that defendant was deprived of his right to appeal, we can now dispose of the merits of all issues which were raised in post-verdict motions, and therefore could have been brought in the appeal, even though those issues were not considered at the PCHA hearing below. The Commonwealth is apparently relying on the statement in Justice Larsen's opinion that "all the appellant's earlier issues have been addressed on the merits because the question of whether appellate counsel should have taken an appeal depends on the merits

of the grounds for appeal." 494 Pa. at 592, n. 4, 432 A.2d at 148, n. 4. When read by itself, this statement might seem to support the Commonwealth's position that we can make the determination of whether counsel was effective now, rather than allowing them to be raised in an appeal nunc pro tunc. Justice Larsen's opinion, however, also stated, "It is not necessary to decide whether under these circumstnaces appellate counsel has been ineffective because voluntariness of the plea and counsel effectiveness were considered by the PCHA court: even if counsel has been ineffective in not raising issues on direct appeal, this cannot be prejudicial to the appellant where the same issues not only *could have been* considered on the merits in the collateral PCHA hearing (*Commonwealth v. Alston*, 473 Pa. 40, 373 A.2d 741 (1977)) but in fact *were* considered on the merits in the PCHA hearing (*Commonwealth v. Skurkis*, [465 Pa. 257, 348 A.2d 894 (1975)])." *Commonwealth v. Unger, supra*, 494 Pa. at 598, 432 A.2d at 148–49 (emphasis in original).

Justice Larsen's opinion in *Unger* thus appears to base its consideration of the merits of the issues underlying counsel's ineffectiveness on the fact that the lower court had considered the merits in the PCHA hearing, which is not the case here.[1] To the extent that the statement that "whether appellate counsel should have taken an appeal depends on the merits of the grounds for appeal" might· indicate that we can consider the merits even when the PCHA hearing court did not, the statement is not a binding precedent, both because it is dictum and because the statement was not joined by a majority of the justices participating in the decision.[2] *Commonwealth v. Davenport*, 462 Pa. 543, 559,

---

1. Although the PCHA hearing judge has considered the merits of some issues in his opinion, none were considered at the PCHA hearing, since it was agreed at the outset of the hearing that the only issue which it was appropriate to decide at that stage was whether counsel's ineffectiveness had denied defendant his right to a direct appeal.

2. In his concurring opinion in *Unger*, Justice Roberts specifically disagreed with the statement that whether counsel was ineffective for failing to take an appeal depends on the merits of the grounds for appeal. 494 Pa. at 598, 432 A.2d at 149. Justices Nix and Flaherty did

n. 3, 342 A.2d 67, 75, n. 3 (1975); *Commonwealth v. Silverman*, 442 Pa. 211, 218, n. 8, 275 A.2d 308, 312, n. 8 (1971); *see generally Beron v. Kramer-Trenton Company*, 402 F.Supp. 1268, 1276–77 & n. 17 (E.D.Pa.1975).

We could decide the merits of the issues in this appeal only if we had before us both an adequate record and full briefing of the issues defendant wishes to raise. *See, e.g., Commonwealth v. McKnight*, 311 Pa.Super.Ct. 460, 466 & n. 8, 457 A.2d 1272, 1276 & n. 8 (1983), *rearg. denied.* Here, however, we do not have briefing of the issues by the defendant, or even an indication of which specific issues defendant wishes to raise; accordingly, the remedy is to remand and allow defendant to file a nunc pro tunc appeal. *Commonwealth v. Ritchie, supra*, 298 Pa.Super. at 170, 444 A.2d at 715; *Commonwealth v. Cooley*, 298 Pa.Super. at 165, 444 A.2d at 712.

Order reversed, and case remanded so that defendant may file an appeal as if timely filed within thirty days of the filing of this order. Jurisdiction relinquished.

POPOVICH, J., files a dissenting opinion.

POPOVICH, Judge, dissenting:

I dissent. The Majority preoccupies itself with responding to the Commonwealth's argument (that the merits of the appellant's post-verdict claims be addressed on appeal) by contending that because the PCHA court *did not* consider the merits of such claims the case at bar is distinguishable from *Commonwealth v. Unger*, 494 Pa. 592, 432 A.2d

not join Justice Larsen's opinion in *Unger,* but only concurred in the result. If agreement with the statement in footnote 4 of Justice Larsen's opinion were the only way to reach that result, then the votes of Justice Nix and Flaherty could be counted as joining Justice Larsen. *See Commonwealth v. Scott,* 279 Pa.Super.Ct. 8, 11, 420 A.2d 717, 719 (1980); *see also Gravinese v. Johns-Manville Corporation,* 324 Pa.Super.Ct. 432, 438, 471 A.2d 1233, 1236–37 (1984), *petition for allowance of appeal denied.* Since there is an alternative basis for the result, as shown in both Justice Larsen's lead opinion and Justice Roberts' concurring opinion, the votes of Justices Nix and Flaherty cannot be counted as joining Justice Larsen's statement, and it lacks a majority of the justices participating in the decision.

146 (1980), in that there the reference to treatment of issues where one's right to appeal had been denied was not embraced by a majority of the Court, and, thus, not of precedential value. Moreover, the PCHA court in *Unger* did consider the merits of the post-trial issues, unlike here.

The Majority need only look to Superior Court's ruling in *Commonwealth v. Miranda*, 296 Pa.Super. 441, 442 A.2d 1133 (1982) (en banc) to discover that in those circumstances where a defendant alleges the deprivation of his appellate rights in a PCHA context, the PCHA court, once the denial is proven, is to bring the hearing to a close and permit the defendant the opportunity to exercise his constitutional right to appeal *nunc pro tunc. See Commonwealth v. Sullivan*, 472 Pa. 129, 371 A.2d 468 (1977); *Commonwealth v. Webster*, 466 Pa. 314, 353 A.2d 372 (1975).

As for any issues affixed to the right to appeal claim, this Court specifically and unequivocally stated that the PCHA court is to act as an evidence gathering format for such collateral issues *only, and not to rule on the merits of the other issues raised. Commonwealth v. Miranda, supra; Commonwealth v. Jones*, 300 Pa.Super. 338, 446 A.2d 644 (1982); *Commonwealth v. May*, 296 Pa.Super. 435, 442 A.2d 1129 (1982); *Commonwealth v. Clark*, 296 Pa.Super. 315, 442 A.2d 786 (1982). This would appear to lay to rest the Majority's inferential remarks to *Unger* where the PCHA court considered the merits of the collateral issues, as if to imply that such a practice is condoned. *Miranda* teaches us otherwise.

The PCHA court here, as observed by the Majority in footnote 1 of its opinion, properly dealt with the right to appeal claim and left the other issues raised at that time for appellate review.

Instantly, even the Majority concedes in its opening paragraph that post-verdict motions were filed on behalf of the appellant *and* denied. Compare *Commonwealth v. Stackpole*, 275 Pa.Super. 255, 418 A.2d 709 (1980) (LIPEZ, J.).

Thus, there *is record evidence* of the trial court's disposition of the post-verdict motions, aside from the right to appeal claim. (See Appellant's Brief at 5) Accordingly, I see no reason why the issues proffered after trial by the appellant's prior counsel cannot be examined here. If it is a matter of completing the record by obtaining the trial court's disposition of the post-verdict motions, we have the power to summon the document(s) from the clerk of courts. Pa.R.App.P. 1926; *Commonwealth v. Rivera*, 339 Pa.Super. 242, 488 A.2d 642 (1985) (en banc).

Further, there is no indication upon the part of the appellant that he would raise any issues other than those appearing in prior counsel's post-verdict motions. See Appellant's Brief at 10, wherein is written that: "On June 9, 1982, Mr. Zigler filed pro se post-verdict motions nunc pro tunc, identical to those filed earlier by [prior counsel] Mr. Kellum[.]" Additionally, Pa.R.Crim.P. 1123 informs us that only those issues raised in post-verdict motions are subject to review on appeal; all others are waived.

To allow a remand to avail the appellant the opportunity to appeal *nunc pro tunc* is affording him no more relief than we would be extending to him presently by ruling on those post-verdict issues argued to and decided by the trial court.

The relief requested is the right to appeal *nunc pro tunc.* That right is being extended to the appellant now. To remand to allow the accused to exercise that right would be repetitive and accomplish nothing more than a delay of the ultimate disposition of the post-verdict motions.

I would make the record whole and decide the issues raised post-trial without side-tracking the case by remanding to grant the appellant the opportunity to *exercise* his appellate right to have his conviction reviewed. We can do so presently, upon a completion of the record.

Therefore, I respectfully dissent.