J-S12034-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID MARKS | : | |
| | : | |
| Appellant | : | No. 172 EDA 2021 |

Appeal from the PCRA Order Entered December 15, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0903681-1995

BEFORE:  BENDER, P.J.E., BOWES, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                               **FILED JUNE 24, 2022**

Appellant, David Marks, appeals from the Order entered on December 15, 2020, in the Court of Common Pleas of Philadelphia County dismissing his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-46.  We affirm.

On March 19, 1996, the trial court convicted Appellant at a bench trial of Third-Degree Murder and Possession of an Instrument of Crime, based on proof that Appellant beat his friend to death with a hammer. The court sentenced Appellant to a mandatory term of life imprisonment.[1] In a published

---

[1] Before the instant murder conviction, Appellant pleaded guilty to two murders in New York. ***Commonwealth v. Marks***, 704 A.2d 1095, 1097 (Pa. Super. 1997). The court, therefore, sentenced Appellant to life imprisonment pursuant to 42 Pa.C.S. § 9715(a), which mandates the sentence for "any person convicted of murder of the third degree in this Commonwealth who has previously been convicted at any time of murder . . . in any other jurisdiction[.]"

Opinion, this Court affirmed Appellant's Judgment of Sentence, and, on March 31, 1998, the Pennsylvania Supreme Court denied allowance of appeal. *Commonwealth v. Marks*, 704 A.2d 1095 (Pa. Super. 1997), *appeal denied*, 772 A.2d 1056 (Pa. 1998).

On January 30, 2019, Appellant *pro se* filed a Motion for DNA Testing, which the court construed as Appellant's second PCRA petition. By order dated February 7, 2019, the PCRA court appointed counsel. Despite appointment of counsel, Appellant *pro se* filed amended Petitions on April 12, 2019, and May 29, 2019. On September 14, 2020, counsel filed a Petition to Withdraw, which the PCRA court granted.

The PCRA court assigned new counsel who, on December 5, 2020, filed a *Turner*/*Finley*[2] "no merit" letter and accompanying Petition to Withdraw. Finding that counsel satisfied the dictates of *Turner*/*Finley*, the PCRA court granted counsel's request to withdraw and dismissed Appellant's Petition as meritless.

Appellant *pro se* timely filed a Notice of Appeal and both he and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

> 1. Did PCRA counsel err when stating petition was untimely without merit and impossible for present counsel to file amendment petition.

---

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

2. Did the PCRA Court err in concluding that order was dismissed without merit.

Appellant's Br. at 2.

Unfortunately, deficiencies in Appellant's *pro se* brief preclude our review. An appellate brief must conform in all material respects to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101 (requiring conformity with Rules of Appellate Procedure). Where briefing defects inhibit our review, we may dismiss the appeal. Pa.R.A.P. 2101.

Additionally, "it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citation to legal authorities." ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) (internal citation omitted). We "will not act as counsel and will not develop arguments on behalf of an appellant." ***Id.*** Where briefing defects "impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issue to be waived." ***Id.***

Finally, while a *pro se* litigant is granted the same rights, privileges, and considerations as those accorded an appellant represented by counsel, *pro se* status does not confer any advantage upon a party. ***Commonwealth v. Blakeney***, 108 A.3d 739, 766 (Pa. 2014). Thus, "[a]lthough the courts may liberally construe materials filed by a *pro se* litigant . . . a court cannot be expected to become a litigant's counsel or find more in a written *pro se* submission than is fairly conveyed in the pleading." ***Id.***

Appellant's brief lacks any "separately and distinctly entitled" statement of the case, summary of argument, argument, or conclusion sections, and does not include a copy of Appellant's Rule 1925(b) statement or the PCRA court's underlying order, all of which is required by Pa.R.A.P. 2111. Additionally, in his "Statement of Scope and Standard of Review," Appellant fails to accurately set forth this Court's scope and standard of review. Appellant's Br. at 1-2.

Included with his Statement of Questions, Appellant presents an underdeveloped argument confined to his assertion of PCRA counsel ineffectiveness.[3] *Id.* at 2-5. Appellant seems to be arguing that PCRA counsel was ineffective for not filing (1) an amended PCRA petition or motion for DNA testing, and (2) an appeal on Appellant's behalf. *See id.* at 4-5. Appellant fails, however, to analyze these claims with citation to the record or relevant case law and provides no analysis under the well-established test applicable to review of ineffective assistance of counsel claims.[4] *See Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*) ("To

---

[3] Appellant makes no argument in support of his second issue, that the court "err[ed] in concluding that order was dismissed without merit." Appellant's Br. at 2. As a result, this issue is waived. *See Hardy*, 918 A.2d at 771.

[4] Appellant cites to one case, *Commonwealth v. Cooley*, 444 A.2d 711 (Pa. Super. 1982), in support of his ineffectiveness claims. In *Cooley*, the appellant's counsel refused to file a direct appeal on his behalf and failed to seek to withdraw representation pursuant to *Anders v. California*, 386 U.S. 738 (1967). *Id.* at 712. By contrast, in the instant case, Appellant's counsel properly filed a *Turner/Finley* "no merit" letter with the PCRA court, accompanied by a Petition to Withdraw, which the court granted. *Cooley* is, therefore, not relevant to the instant appeal.

prevail on an [ineffective assistance of counsel] claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice."); ***Commonwealth v. Natividad***, 938 A.2d 310, 322 (Pa. 2007) (reiterating that appellants continue to bear the burden of pleading and proving each of the ineffective assistance of counsel elements on appeal to this Court). Appellant has, thus, failed to provide this Court with the factual and legal framework from which to analyze his claims.

Significant defects in Appellant's brief preclude our review. As a result, Appellant waived the issues raised in this appeal and we affirm the PCRA court's order dismissing Appellant's petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/24/2022