## Commonwealth v. Dockins, Appellant.

Submitted March 21, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Gerald S. Segal, Richard Lunenfeld,* and *Ominsky, Koral & Welsh,* for appellant.

*Albert L. Becker* and *David Richman,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., September 23, 1974:
Appellant, Charles Dockins, was arrested on December 27, 1970, and charged with Aggravated Robbery,

Burglary, Assault and Battery, Aggravated Assault and Battery, Assault and Battery with Intent to Murder, Carrying a Concealed Weapon, and Unlawfully Carrying Firearms Without a License. At the trial, the Commonwealth presented evidence which would establish, if believed, that on December 23, 1970, at approximately 4:45 P.M., appellant entered the office of his optometrist, Dr. Sheldon Greene, carrying a gun. Appellant took twenty-five ($25.00) dollars from the doctor, then shot him once in the head. Apparently the only reason appellant failed to kill the doctor was that the gun mis-fired the next few times he pulled the trigger. Appellant then dragged the doctor into an adjoining area and beat him repeatedly about the head and arms with a fifty-inch metal reading-rod, stopping only when he heard a noise at the door. As a result of this brutal attack, the doctor remains permanently blind in one eye, and does not have full use of one of his hands. On May 19, 1972, a jury found appellant guilty of all the offenses charged, with the exception of Carrying a Concealed Deadly Weapon. After denial of his post-trial motions, appellant was sentenced (on August 24, 1972) to a term of twenty to forty-seven years in the State Correctional Institution. Appellant failed to file an appeal within the statutory period, and his attempt to appeal *nunc pro tunc* was denied by this Court in *Commonwealth v. Dockins*, Misc. Docket No. 10, 140. Appellant then filed a Petition for a PCHA hearing. The case is before us on the refusal of the lower court to grant appellant this hearing.

The sole question raised by the appellant is one of law, i.e., does the crime of burglary merge into the crime of robbery, and was the trial judge in error in imposing the maximum sentences (to run consecutively) for *both* convictions? Appellant bases his theory on the double jeopardy and due process clauses of the Consti-

tution, citing the United States Supreme Court case *Prince v. United States,* 352 U.S. 322, 77 S. Ct. 403, 1 L. Ed. 2d 370 (1957). In *Prince,* however, the Court was interpreting the Federal Bank Robbery Act when it held that the petitioner there could be sentenced for only *one* of the two offenses; nothing at all was said about constitutional requirements. The Federal Bank Robbery Act originally established the Federal crimes of robbery, robbery accompanied by an aggravated assault, and homicide perpetrated in committing a robbery or escaping thereafter. It was later amended to add, among other things, the crimes of "entering or attempting to enter any bank with intent to commit in such bank or building or part thereof, so used, any felony or larceny." The robbery and entering were placed in the same paragraph, and no separate penalty was provided or added for the crime of entering. The court (relying largely on the legislative history) held that Congress did not intend to create two separate penalties, one for bank robbery and another for entering a bank, but that it intended to make sure that a person who entered a bank and without force or putting anyone in fear stole money from it, would be covered in the same way as one who robbed the bank by force. As the late Chief Justice WARREN said, 352 U.S. at 325, the Supreme Court's problem in that case ". . . should be differentiated from similar problems in this general field raised under other statutes. The question of interpretation is a narrow one, and our decision should be correspondingly narrow." In Pennsylvania, the offenses of Robbery and Burglary have been separate and distinct offenses from time immemorial; they are established in different sections of the Crimes Code; they are assigned separate penalties and the legislature never intended that the two crimes should cover a set of circumstances in the alternative. The ruling in *Prince* is inapposite to the case at bar.

This Court declines now to find that the Constitution prohibits our courts from finding a defendant guilty of separate charges of both robbery and burglary when those charges arise out of a continuous chain of criminal actions. We find nothing disturbing in the fact that appellant is being punished more severely than he would have been had he merely burglarized the doctor's office without doing physical violence to the doctor's person.

The appellant would have us equate the merging of Robbery with Burglary, or vice versa, with the merging of Burglary and Larceny. It is true that in some circumstances Larceny is merged into an act of Burglary where both acts are committed at the same time. *Commonwealth ex rel. Franell v. Ashe,* 134 Pa. Superior Ct. 96, 98, 3 A.2d 931, 932 (1939). This is primarily so because Larceny is, or sometimes becomes, a lesser-included offense of Burglary. Robbery however is not a lesser-included offense of Burglary, nor is Burglary a lesser-included offense of Robbery. They are two separate and distinct crimes, the one, Robbery, being primarily concerned with the physical person of the victim, and the other, Burglary, being primarily concerned with the entering into a building. In holding that the Burglary offense does not merge into the Robbery offense, even though both occurred as the result of a chain of continuous criminal conduct, and that the appellant in this case was properly sentenced for both crimes, we reaffirm our decision in the pre-*Prince* case, *Commonwealth ex rel. Miller v. Maroney,* 179 Pa. Superior Ct. 305, 309-310, 116 A.2d 755, 757-758 (1955), *allocatur refused,* in which we said: "there can be no question that appellant in the case at bar was guilty of two separate and distinct crimes, namely, entering a building with intent to commit a felony and robbery armed with an offensive weapon." See also *Common-*

*wealth ex rel. Moszczynski v. Ashe,* 343 Pa. 102, 21 A. 2d 920 (1941).

The sentences imposed by the trial court are within the limits provided in the Act of Assembly and we find no abuse of discretion in the sentencing.

Judgment affirmed.