471 A.2d 851

**COMMONWEALTH of Pennsylvania**

**v.**

**Charles DOCKINS, Appellant.**

Superior Court of Pennsylvania.

Submitted May 25, 1982.

Filed Jan. 20, 1984.

306

Warren R. Hamilton, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WICKERSHAM, BROSKY and WIEAND, JJ.

WICKERSHAM, Judge:

This case comes to us after the Honorable Edward J. Blake of the Philadelphia County Court of Common Pleas denied appellant Charles Dockins' petition for relief under the Post Conviction Hearing Act (PCHA).[1] Dockins was arrested in December of 1970 and charged with aggravated robbery, aggravated assault and battery, assault with in-

1. 42 Pa.C.S.A. §§ 9541–51.

tent to kill, firearms violations, and burglary. A suppression motion was heard and denied; the case proceeded to trial before the Honorable Edward Rosenwald and a jury. Dockins was convicted on all of the aforementioned charges.

Post-verdict motions were argued and denied. On August 24, 1972, Charles Dockins was sentenced to a twenty to forty-seven year term of imprisonment. No timely direct appeal was taken from this sentence but Dockins filed a PCHA petition in March 1973. The petition was denied without a hearing and a counseled appeal was taken to this court. In *Commonwealth v. Dockins*, 230 Pa.Super. 271, 326 A.2d 505 (1974), we noted that Dockins argued only that the crime of burglary merged into the crime of robbery and that the trial judge erred in imposing consecutive maximum sentences for both crimes. Dockins' contention was rejected and the judgment of sentence affirmed. The Supreme Court of Pennsylvania denied a petition for allowance of appeal.

■ Dockins filed another PCHA petition on February 24, 1977; this petition was amended on November 5, 1979. PCHA hearings were held and Dockins' second PCHA petition was denied on July 29, 1981. This appeal timely followed.[2]

---

**2.** Clearly we could find waiver instantly in that the petitioner in his second PCHA petition raises issues that he did not raise "in a prior proceeding actually initiated under this subchapter."

§ 9544. **When an issue is finally litigated or waived**

(a) **Issues finally litigated.**—For the purpose of this subchapter, an issue is finally litigated if:

(1) It has been raised in the trial court, the trial court has ruled on the merits of the issue and the petitioner has knowingly and understandingly failed to appeal the trial court's ruling.

(2) The Superior Court has ruled on the merits of the issue and the petitioner has knowingly and understandingly failed to avail himself of further appeals.

(3) The Supreme Court has ruled on the merits of the issue.

(b) **Issues waived.**—For the purposes of this subchapter, an issue is waived if:

(1) The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding

The facts underlying Dockins' convictions were ably summarized by Judge Van der Voort in *Commonwealth v. Dockins, supra:*

At the trial, the Commonwealth presented evidence which would establish, if believed, that on December 23, 1970, at approximately 4:45 P.M., appellant entered the office of his optometrist, Dr. Sheldon Greene, carrying a gun. Appellant took twenty-five ($25.00) dollars from the doctor, then shot him once in the head. Apparently the only reason appellant failed to kill the doctor was that the gun misfired the next few times he pulled the trigger. Appellant then dragged the doctor into an adjoining area and beat him repeatedly about the head and arms with a fifty-inch metal reading-rod, stopping only when he heard a noise at the door. As a result of this brutal attack, the doctor remains permanently blind in one eye, and does not have full use of one of his hands.

*Id.,* 230 Pa.Superior Ct. at 273, 326 A.2d at 506.

 The first of Dockins' many issues is:

Whether the failure of trial counsel to file an appeal from the judgment of sentence of the lower court constituted ineffective assistance of counsel?

Brief for Appellant at 5.

Dockins argues that trial counsel was ineffective for failing to file a direct appeal from the judgment of sentence and subsequent counsel were ineffective for failing to raise trial counsel's ineffectiveness in this regard. Under most circumstances, counsel cannot be deemed ineffective for failing to raise an issue unless the issue is meritorious. Nevertheless, it is trial counsel's duty to perfect a defendant's appeal *once requested to do so,* even if counsel believes that appellant's appeal would be without merit. *Common-*

actually conducted or in a prior proceeding actually initiated under this subchapter.

(2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue.

(c) **Presumption.**—There is a rebuttable presumption that a failure to appeal a ruling or to raise the issue is a knowing and understanding failure.

*wealth v. Cooley,* 298 Pa.Super. 163, 444 A.2d 711 (1982). However, in the instant case, although Dockins testified that he *assumed* counsel was going to file an appeal for him, there is no indication in the record that Dockins ever specifically *requested* counsel to file such an appeal. In fact, trial counsel testified that Dockins had not asked him to file an appeal. Record of PCHA Hearing, 4–24–80 at 12–13, 22. Counsel cannot be held ineffective for failing to file an appeal when his client has not asked him to do so.

Even if we were to find that Dockins' trial counsel was ineffective for failing to file an appeal in the present case, our ultimate holding would remain the same. *Cooley, supra,* held that once we have determined that the appellant was denied the right of direct appeal because of failure of counsel to file an appeal, the case must be remanded so that the appellant may file an appeal *nunc pro tunc.* In *Commonwealth v. McKnight,* 311 Pa.Super. 460, 457 A.2d 1272 (1983), however, a panel of this court distinguished *Cooley* and refused to remand so that appellant could file an appeal *nunc pro tunc.*

· The *McKnight* court noted that in *Cooley* there was no indication that any other claims were before the court. *McKnight, id.,* 311 Pa.Superior Ct. at 466 n. 8, 457 A.2d at 1276 n. 8. In other words, the *Cooley* court was not aware of what claims the appellant would have presented on direct appeal; therefore, a remand to permit an appeal *nunc pro tunc* was the only appropriate solution. In *McKnight,* however, each of the appellant's claims were presented to the court and were fully briefed. Thus, *McKnight* held that "it would be superfluous to grant the defendant the right to file an appeal *nunc pro tunc* only to raise the same issues which have been fully briefed and which were subject to an evidentiary hearing." *Id.,* 311 Pa.Superior Ct. at 466, 457 A.2d at 1276. *McKnight* then went on to discuss appellant's other issues and ultimately found them to be meritless.

We agree with the *McKnight* analysis. In the present case, all of appellant's issues have been fully

briefed and were subject to an evidentiary hearing. There-fore, especially since we don't believe counsel was ineffec-tive, we find no need to remand in order to allow appellant the opportunity to appeal *nunc pro tunc*. We will address all of appellant's issues as they were presented to us. As will appear in more detail below, we find that appellant's other issues are meritless.

Thus, while we do not find that counsel was ineffective in this case, a finding of ineffectiveness would not change the outcome of our decision.

Dockins' second issue is divided into several parts but the general contention is that prior counsel were ineffective for failing to raise several allegations of trial and sentencing error now presented to us. Dockins' specific allegations of error will be considered seriatim.

■ Dockins' questions:

Whether appellant's sentencing was unconstitutionally cruel and vague because the sentencing judge indicated that the unrelated crimes of others served as a basis for the instant sentence?

Brief for Appellant at 5.

Dockins points out that the trial judge made observations at sentencing to the effect that the Philadelphia streets were unsafe and that the judge did not want Dockins to be released from prison to commit other crimes, as defendants in other notorious cases did. Dockins believes these were impermissible considerations at sentencing.

. Our review of the sentencing transcript convinces us that the comments of the judge do not constitute a reliance on impermissible factors. The judge below received a com-plete picture of Dockins' family life as well as his prior convictions. The remarks of the judge indicate only that the safety of the public required that Dockins receive a lengthy sentence. Protection of the public certainly is a

consideration in sentencing. We note, moreover, that the judge required that Dockins receive psychiatric treatment, training in a trade, and schooling while incarcerated. It is clear that Judge Rosenwald imposed a sentence which took into account Dockins' rehabilitation as well as protection of the public.

■ Another claim of error is:

Whether the Commonwealth erred by soliciting from the appellant the fact that he was incarcerated on an unrelated matter?

Brief for Appellant at 5.

Dockins contends that he was prejudiced by evidence that he was incarcerated for another crime. On cross-examination Dockins was asked where he was on a particular date; he answered that he was not in Philadelphia. He was then asked if he had not said he lived in Philadelphia his whole life. He replied, "I wasn't in Philadelphia, I was in an institution; that is not in Philadelphia."

Dockins' passing reference to being in an institution does not require a new trial. The word "institution" does not instantly convey to jurors the idea that crime was involved or that Dockins was convicted of a crime. A new trial is not required on this ground.

■ Dockins' next issue is:

Whether evidence of the prior unrelated crime allegedly committed by the appellant should not have been admitted into evidence?

Brief for Appellant at 5.

Dockins argues that it was error to have allowed the Commonwealth to introduce evidence of a prior crime in rebuttal. See *Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973). This argument is meritless. Dockins was tried in May 1972; *Bighum* was not decided until 1973. Furthermore, the holding of *Bighum* is to be applied pro-

spectively only. *Commonwealth v. Bradshaw,* 238 Pa.Super. 22, 364 A.2d 702 (1975).

Dockins also asks:

Whether the trial judge erred when he denied appellant's request for a mistrial after the Commonwealth produced the bloody clothing of the victim?

Brief for Appellant at 5.

Dockins asserts that the bloodstained clothing worn by the victim on the day of the crime was inflammatory and prejudicial.

We disagree. Generally, evidence is admissible if it is relevant and competent. *Commonwealth v. Hudson,* 489 Pa. 620, 414 A.2d 1381 (1980). In this case the victim's clothing helped establish not only that the victim was beaten but that there was an intent to kill by inflicting severe injuries. Although we have not actually seen the clothing, we conclude that even if it is bloodied and unpleasant, its probative value is such that it is not outweighed by its possible prejudicial effect.

Dockins also argues:

Whether failure of trial counsel to have appellant's eyes examined and have the results of that examination proffered into evidence constituted ineffective assistance of counsel?

Brief for Appellant at 6.

Dockins believes that trial counsel should have had Dockins' eyes examined because Dockins did not need glasses and therefore would not have gone into the victim's office for glasses prior to the date of the crime, as the victim testified Dockins had done. In light of the overwhelming evidence of Dockins' guilt, trial counsel was not ineffective for failing to obtain an eye examination for Dockins.

■ Dockins' last issue is:

Whether the Commonwealth's failure to introduce evidence of the eye examination testified to by the doctor violated appellant's right of confrontation?

Brief for Appellant at 6.

This claim is devoid of merit. The victim testified about Dockins' eye examination and Dockins had every opportunity to cross-examine the victim about the examination.

Order affirmed.