J-S74027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DEMETRIUS SWAAYZE :
:
Appellant : No. 2122 EDA 2016

Appeal from the PCRA Order June 28, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005856-2013

BEFORE: BOWES, J., LAZARUS, J., and RANSOM, J.

MEMORANDUM BY LAZARUS, J.: **FILED DECEMBER 12, 2017**

Demetrius Swaayze appeals from the trial court's order, entered in the Court of Common Pleas of Philadelphia County, granting in part and denying in part his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

In November 2013, following a non-jury trial, Swaayze was convicted of robbery of a motor vehicle, conspiracy, theft by unlawful taking, and receiving stolen property (RSP). On January 14, 2014, Swaayze was sentenced to an aggregate term of imprisonment of 3-6 years, followed by two years of probation. Neither post-trial motions nor a direct appeal was filed. On September 25, 2014, Swaayze filed a timely *pro se* PCRA petition claiming that trial counsel was ineffective for failing to file a direct appeal. Counsel was appointed and filed an amended petition seeking reinstatement of Swaayze's direct appeal rights and the right to file post-trial motions *nunc pro tunc*. On

June 13, 2016, the court held an evidentiary hearing on the petition; Swaayze participated via video conferencing. Trial counsel and Swaayze testified at the hearing; the court ultimately denied Swaayze relief on his ineffectiveness claim.[1]

Swaayze filed a timely court-ordered Pa.R.A.P. 1925(b) concise statement of errors raised on appeal and notice of appeal. He presents the following issues for our review:

(1) Did the PCRA court err and/or abuse its discretion when it denied [Swaayze's] petition under the PCRA seeking reinstatement of his right to pursue a direct appeal *nunc pro tunc* where the evidence at the PCRA hearing, properly viewed, demonstrated by a preponderance of the evidence that [Swaayze] instructed court-appointed counsel to file a post-sentence motion and pursue a direct appeal, but trial counsel failed to protect petitioner's appellate rights by failing to file a post-sentence motion in the trial court and a timely notice of appeal?

(2) Did the PCRA court err and/or abuse its discretion when it denied [Swaayze's] petition under the PCRA seeking reinstatement of his right to pursue a post-sentence motion *nunc pro tunc* where the evidence at the PCRA hearing, properly viewed, demonstrated by a preponderance of the evidence that [Swaayze] instructed court-appointed counsel to file a post-sentence motion and pursue a direct appeal, but trial counsel failed to protect petitioner's appellate rights by failing to file a post-sentence motion in the trial court, and trial counsel had no strategic reason for failing to file the requested motion, and there is no reasonable possibility

---

[1] The court did grant relief, in part, amending Swaayze's sentence to reflect that count 3 (theft by unlawful taking) and count 4 (RSP) had no further penalties.

that the motion would have resulted in a reduction of the sentence imposed?[2]

To succeed on a claim that counsel was ineffective for failing to file a direct appeal, a defendant must plead and present evidence that he in fact requested counsel to pursue a direct appeal and that counsel failed to do so. **Commonwealth v. Dockins**, 471 A.2d 851 (Pa. Super. 1984). In **Commonwealth v. Touw**, 781 A.2d 1250 (Pa. Super. 2001), our Court was guided by the United States Supreme Court's decision, **Roe v. Flores-Ortega**, 528 U.S. 470 (2000), which answered the question of whether "counsel [is] deficient for not filing a notice of appeal when the defendant has not clearly conveyed his wishes [regarding an appeal] one way or the other[.]" **Id.** at 477. The **Flores-Ortega** Court held that:

> [Counsel] has a constitutionally-imposed duty to consult with his client about an appeal when there is reason to think that either (1) a rational defendant would want to appeal[] or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

**Id.** at 480. **See also Commonwealth v. Markowitz**, 32 A.3d 706 (Pa. Super. 2011).

At the PCRA hearing, Swaayze testified that he told his attorney in the courtroom after he was sentenced that he was "confused and [did]n't agree

---

[2] To prove a claim of ineffectiveness, a defendant must establish that: (1) the underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his client's interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. **Commonwealth v. Luster**, 71 A.3d 1029, 1039 (Pa. Super. 2013).

and . . . would like to file a direct appeal immediately and she said okay, she will see me . . . soon." N.T. PCRA Hearing, 6/28/16, at 7-8. He further stated that once he returned to county prison he sent counsel a letter indicating that he would like to file an appeal. *Id.* When he was finally transferred to state prison (SCI-Albion), Swaayze testified that he called his attorney and spoke to her secretary, telling her he was trying to get in touch with counsel. Swaayze never received a return call. *Id.* at 13. Finally, Swaayze testified he wrote his attorney a second letter regarding his desire to file an appeal after the unsuccessful phone call. *Id.* at 14.

Counsel also testified at the PCRA hearing; she testified that she "did not recall any discussions about filing a direct appeal . . . [and didn't] recall [them] talking about filing an appeal after sentencing." *Id.* at 19-20. However, counsel did remember talking to Swaayze about how the trial went[3] and, that in the winter (after the 30-day appeal period had expired), she received a letter from Swaayze asking "how the appeal was going." *Id.* Counsel testified that she "believe[s] that [she] talked [to Swaayze] about not thinking that an appeal would be fruitful." *Id.* at 22. Finally, counsel stated that she never received a message from her secretary that Swaayze had called her office to speak with her, *id.* at 23, and she had nothing in her file, other

_____

[3] In particular, counsel noted that the trial hinged on the credibility and testimony of the complainant and that such issues went to the weight of the evidence, which is a difficult matter to win on appeal. N.T. PCRA Hearing, 6/28/16, at 25-26.

- 4 -

than the letter from the winter, indicating Swaayze wanted to appeal. ***Id.*** at 26-27.

Instantly, the trial court denied Swaayze relief on his ineffectiveness claim, stating the following at the PCRA hearing:

> Based upon the information and evidence provided, I think there is sufficient information that based upon [trial counsel's] testimony and record keeping that she would have filed an appeal if it had been properly discussed.
>
> Mr. Swaayze, just because you talk about filing an appeal, doesn't necessarily mean that your counsel has been fully informed or authorized to do so.

N.T. PCRA Hearing, 6/28/16, at 34.

Here, the PCRA court chose to credit counsel's testimony and discredit Swaayze's, a task which is reserved for the court as fact-finder. ***Commonwealth v. Johnson***, 668 A.2d 97 (Pa. 1995). We agree with the trial court's conclusion that counsel was not ineffective for failing to file a direct appeal where counsel testified that: (1) she discussed the possibility of an appeal with Swaayze, but told him that it would fruitless; (2) Swaayze never asked her to file an appeal; and (3) counsel's records did not contain any communication from Swaayze, during the relevant appeal period, indicating his desire to have her file an appeal. ***Flores-Ortega***, ***supra***. Because Swaayze failed to present evidence that he in fact requested counsel to pursue a direct appeal and that counsel failed to do so, ***Dockins***, ***supra***; ***Touw***, ***supra***, he has not established that his underlying claim has arguable merit. ***Luster***, ***supra***.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2017