J-S17023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                   :            PENNSYLVANIA
                   :
         v.            :
                   :
                   :
ISAIAH PACE              :
                   :
         Appellant        :    No. 1900 EDA 2021

Appeal from the PCRA Order Entered August 17, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009786-2017

BEFORE: BOWES, J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY LAZARUS, J.:           **FILED AUGUST 30, 2022**

Isaiah Pace appeals from the order, entered in the Court of Common Pleas of Philadelphia County, denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Upon review, we affirm.

On July 9, 2018, Pace entered into a negotiated guilty plea, in which he pled guilty to one count each of third-degree murder[1] and persons not to possess firearms.[2] In exchange, the Commonwealth withdrew the remaining charges, and agreed to an aggregate sentence of 22½ to 45 years in prison. On the same day, the trial court sentenced Pace, in accordance with the

---

[1] 18 Pa.C.S.A. § 2502(c).

[2] *Id.* at § 6105.

agreement, to 22½ to 45 years in prison.  Pace did not file a post-sentence motion or a direct appeal.

The PCRA court summarized the factual basis for Pace's plea as follows:

On April 14, 2017, at approximately 2:00 a.m., [Pace] was in the area of 27th and Sergeant Streets in Philadelphia, at a bar named Bar 27.  [Pace] was wearing a distinctive shirt with a picture of Marilyn Monroe on the front.  While inside Bar 27, [Pace] had an argument with another individual.  After the argument appeared to be resolved, [Pace] left Bar 27 and walked northbound on 27th Street toward his sister's home.  Later, however, [Pace returned to] Bar 27 and fired multiple gunshots at a group of men.  [Pace] shot one of the men, 22-year-old Kenneth Collins, in the back.  [] Collins was pronounced dead at Temple Hospital.  The medical examiner determined [] Collins's cause of death to be the gunshot wound to the back, and the manner of death to be homicide.

Video surveillance from outside of Bar 27 captured the shooting and was released to surrounding police districts to help identify the shooter.  On October 4, 2017, homicide detectives were looking for surveillance video for a different homicide in the area of 27th and Sergeant Streets.  While in the area, the detectives saw [Pace] and recognized him as the person from the Bar 27 shooting video.  Detectives arrested [Pace] and brought him to the Philadelphia Police Department Homicide Unit.  [Pace] waived his **Miranda**[3] rights during police questioning and proceeded to make multiple statements.  In these statements, [Pace]: identified himself from the Bar 27 video[] and [] stated that he did not intend to shoot [] Collins, but instead intended to shoot the man [Pace] had an argument with earlier in the night.

[Pace] did not have a valid license to carry a firearm in the [Commonwealth] on the date of the shooting[].

PCRA Court Opinion, 10/15/21, at 2-3 (citations omitted, footnote added).

Subsequently, on August 3, 2020, Pace filed a *pro se* PCRA petition and, on September 17, 2020, the PCRA court appointed counsel.  On February 4,

_____

[3] **Miranda v. Arizona**, 384 U.S. 436 (1966).

2021, counsel filed an amended PCRA petition, arguing that trial counsel was ineffective for failing to file a direct appeal.

On August 17, 2021, the PCRA court conducted an evidentiary hearing, at which both Pace and trial counsel testified. At the conclusion of the hearing, the PCRA court determined that Pace had never requested that his attorney file a direct appeal and, thus, trial counsel was not ineffective for failing to file one. The PCRA court subsequently denied Pace's PCRA petition. Pace filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Pace now raises the following question for our review: "Did the [PCRA] court err in failing to fin[d] trial counsel [] ineffective?" Brief for Appellant, at 7.

"On appeal from the denial of relief under the [PCRA], the standard of review is whether the findings of the PCRA court are supported by the record and free of legal error." **Commonwealth v. Martin**, 5 A.3d 177, 182 (Pa. 2010). Additionally, any PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." **Id.** at § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues

raised if the PCRA petition was not timely filed. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

Instantly, Pace's judgment of sentence became final, for the purposes of the PCRA, on August 8, 2018, when the time expired for him to file a direct appeal to this Court. ***See*** 42 Pa.C.S.A. § 9545(b)(1), (3); Pa.R.A.P. 903(a) (providing 30 days to file notice of appeal). Thus, Pace had until August 8, 2019, to file a timely petition under the PCRA. ***See*** 42 Pa.C.S.A. § 9545(b)(1), (3). Pace's instant petition was filed on August 3, 2020, almost a year later. Thus, it is patently untimely.

However, Pennsylvania courts may consider an untimely petition if the petitioner can explicitly plead and prove one of the three exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). These three exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

***Id.*** Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." ***Id.*** at § 9545(b)(2).

- 4 -

"The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." **Commonwealth v. Spotz**, 171 A.3d 675, 678 (Pa. 2017).

Here, Pace, purported to invoke the newly-discovered facts exception to the PCRA time bar. **See** PCRA Petition, 8/3/20, at 2-9; N.T. Evidentiary Hearing, 8/17/21, at 30-32. In particular, Pace argued that he did not receive any information on his case from his trial counsel until April 24, 2020 and, therefore, his August 3, 2020 PCRA petition was timely filed. **See** PCRA Petition, 8/3/20, at 8-9; N.T. Evidentiary Hearing, 8/17/21, at 30-32.

At the evidentiary hearing, the PCRA court determined that Pace had acted with the requisite due diligence in ascertaining whether his trial counsel had perfected a direct appeal and, consequently, concluded that Pace's claim properly invoked the newly-discovered fact exception of the PCRA. N.T. Evidentiary Hearing, 8/17/21, at 31-33. The PCRA court, however, found that counsel was not ineffective.

After review, we agree with the PCRA court that Pace has satisfied the newly-discovered fact exception to the PCRA time bar. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1273 (Pa. 2007) (attorney abandonment may constitute factual basis for newly-discovered fact exception where petitioner acts with due diligence in ascertaining fact of abandonment); 42 Pa.C.S.A. § 9545(b)(1)(ii). We now turn to the merits of Pace's claim.

Pace contends that his trial counsel was ineffective in failing to file and perfect a direct appeal following Pace's negotiated guilty plea. **See** Brief for Appellant, at 9. Pace argues that he had asked trial counsel to file a direct

appeal on his behalf and further asserts that he testified credibly about this exchange at the PCRA evidentiary hearing. *Id.*

To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must plead and prove, by a preponderance of the evidence, that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Specifically,

> [t]o be entitled to relief on an ineffectiveness claim, a PCRA petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) he suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different. *Commonwealth v. Chmiel*, [] 30 A.3d 1111, 1127 ([Pa.] 2011) (employing ineffective assistance of counsel test from *Commonwealth v. Pierce*, [] 527 A.2d 973, 975-76 ([Pa.] 1987)). Counsel is presumed to have rendered effective assistance. Additionally, counsel cannot be deemed ineffective for failing to raise a meritless claim. Finally, because a PCRA petitioner must establish all the *Pierce* prongs to be entitled to relief, we are not required to analyze the elements of an ineffectiveness claim in any specific order; thus, if a claim fails under any required element, we may dismiss the claim on that basis.

*Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015) (footnote and some citations omitted).

To succeed on a claim that counsel was ineffective for failing to file a direct appeal, a defendant must plead and present evidence that he in fact requested counsel to pursue a direct appeal and that counsel failed to do so. *See Commonwealth v. Dockins*, 471 A.2d 851 (Pa. Super. 1984). In

*Commonwealth v. Touw*, 781 A.2d 1250 (Pa. Super. 2001), our Court was guided by the United States Supreme Court's decision, *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), which answered the question of whether "counsel [is] deficient for not filing a notice of appeal when the defendant has not clearly conveyed his wishes [regarding an appeal] one way or the other[.]" *Id.* at 477.  The *Flores-Ortega* Court held that:

> [Counsel] has a constitutionally-imposed duty to consult with his client about an appeal when there is reason to think that either (1) a rational defendant would want to appeal[] or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

*Id.* at 480; *see also Commonwealth v. Markowitz*, 32 A.3d 706 (Pa. Super. 2011).  Where there is an unjustified failure of counsel to file a requested direct appeal, counsel is deemed to be *per se* ineffective, and no showing of prejudice is required.  *See Markowitz*, 32 A.3d at 715.  "To establish *per se* ineffectiveness, a defendant must still prove that he asked counsel to file a direct appeal." *Id.*

The PCRA court, in its opinion, explained as follows:

> At the evidentiary hearing, [Pace] testified on his own behalf and the Commonwealth presented testimony from [Pace]'s trial counsel[.]
>
> First, [Pace] testified that on some unspecified date following his guilty plea, [Pace]'s aunt attempted to contact [trial counsel] on [Pace]'s behalf.  [Pace] claimed that his aunt spoke to someone from [trial counsel]'s office, but [trial counsel] never returned the phone call.  [Pace] stated that he believed he wrote to [trial counsel; h]owever, [Pace] did not recall the date of the letter, and did not retain a copy of the letter.  [Pace] stated that it was not until he received the discovery for his case on April 24, 2020, that

he learned no appeal was filed[.] [Pace] testified that he and [trial counsel] spoke minutes after [the guilty plea hearing, at which time Pace] informed the [c]ourt, under oath, that he did not wish to file an appeal or any post-sentence motions following his guilty plea. However, when [PCRA] counsel asked [Pace] what that conversation with [trial counsel] consisted of, [Pace] responded, "I can't even remember." N.T. [Evidentiary Hearing], 8/17/[]21, at 13. [Pace] also stated that "[trial counsel] said he was going to do something. I can't even remember. I got a lot on my brain because we were moving too fast. But I can't really recall what we talked about." *Id.* at 12.

[Pace] answered "Yes" to [PCRA] counsel's leading question, "So, it's your contention that you asked [trial counsel] to file an appeal for you and he never did; is that correct?" [*Id.*] at 15. However, [Pace,] throughout the hearing[,] could not recall any specific instances when such a request had been made.

Next, [trial counsel] testified that he did not recall [Pace] contacting him following the guilty plea, including phone calls or letters. Additionally, [trial counsel] testified that he did not recall speaking to defendant immediately after the guilty plea because the sheriffs took defendant into custody. [Trial counsel] stated that, in the event [Pace] had asked [him] to file an appeal, [he] would have filed it. However, [trial counsel] testified that he had not had any contact with [Pace] since the guilty plea.

\* \* \*

Following the evidentiary hearing, the [c]ourt rendered findings of fact and conclusions of law, in open court, which were, in substance, as follows:

1. The testimony of [Pace] was [not credible], and he failed to show by a preponderance of the evidence that he asked his trial counsel to file an appeal. The [c]ourt rejected as incredible [Pace]'s testimony that he told [trial counsel] he wanted to file an appeal minutes after the [c]ourt, following his guilty plea, that he did not want to file an appeal or any post-sentence motions. The [c]ourt found that [Pace] never asked [trial counsel] to appeal his guilty plea at any time.

2. The testimony of [trial counsel] was credible and established that if [Pace] had asked to appeal his plea,

- 8 -

> either orally or in writing, then [trial counsel would have filed one.]

PCRA Court Opinion, 10/15/21, at 5-7 (some citations omitted).

Based upon our review of the record, we conclude that the PCRA court's determinations and conclusions are supported by the record and, therefore, we affirm. *See Martin*, *supra*; *Markowitz*, *supra*. Importantly, the PCRA court concluded that trial counsel testified credibly that Pace did not request a direct appeal and that Pace was **not credible** when he testified at the hearing. *See Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010) ("credibility determinations are binding on this Court, where there is record support for those determinations"). Accordingly, Pace is not entitled to relief.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/30/2022

---

[4] We observe that Pace intertwines several ineffective assistance of counsel claims in his brief, *see* Brief for Appellant, at 9-14; however, Pace did not raise these claims in his PCRA petition or his amended PCRA petition and, therefore, they are waived. *See* Pa.R.A.P. 302(a) (issues not raised in the PCRA court are waived and cannot be raised for the first time on appeal).